1
2
3
4
5
6

KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (State Bar No. 129668)
LMcFarland@kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
DWilson@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:  310-248-3830
Facsimile:   310-860-0363

7
8
9
10

JOSEPH PETERSEN (*pro hac vice* motion forthcoming)
JPetersen@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone:  212-775-8700
Facsimile:  212-775-8800

11
12

Attorneys for Plaintiff
LIONS GATE FILMS INC.

13    **UNITED STATES DISTRICT COURT**

14    **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15    **WESTERN DIVISION**

16

| | |
|---|---|
| 17   LIONS GATE FILMS INC., | **CASE NO. 2:14-cv-06033** |
| 18          Plaintiff, | **COMPLAINT FOR:** |
| 19          v. | |
| 20   JOHN DOES 1-10 inclusive, d/b/a, <limetorrents.com>, | **(1)  DIRECT FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501, *et seq.*);** |
| 21   <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and | |
| 22   <dotsemper.com>, *et al*. | **(2) CONTRIBUTORY FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501, *et seq.*);** |
| 23          Defendants. | |
| 24 | **(3) VICARIOUS FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501, *et seq.*)** |
| 25 | |
| 26 | |

27
28

Plaintiff Lions Gate Films Inc. ("Lions Gate" or "Plaintiff"), through its attorneys, complaining of Defendants John Does 1 through 10 inclusive (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.     This lawsuit arises from Defendants' willful and malicious violation of the federal Copyright Act (17 U.S.C. §§ 101, *et seq.*).

2.     This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and § 1338(a).

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400(a).  Although the true identity of each Defendant is unknown to Lions Gate at this time, Lions Gate is informed and believes and on that basis alleges that each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

4.     Lions Gate is informed and believes and on that basis alleges that personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff, distributed and offered to distribute over the Internet copyrighted works for which Plaintiff has exclusive rights.  On information and belief, such unlawful distribution occurred in every jurisdiction in the United States, including this one.  In addition, each Defendant has directed tortious acts at Lions Gate in this District and has committed tortious acts that each Defendant knew or should have known would cause injury to Lions Gate in this District.

## THE PARTIES

5.     Lions Gate is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 2700 Colorado Ave., Suite 200, Santa Monica, CA 90404.

6.     Lions Gate is currently unaware of the identities of Defendants and therefore sues such defendants by the fictitious acronyms John Does 1-10 inclusive. Lions Gate is informed and believes that discovery will reveal Defendants' true

1    identities.  Lions Gate will amend this Complaint to identify Defendants by name

2    after their identities are discovered.

3    **LIONS GATE'S RIGHTS AND DEFENDANTS' UNLAWFUL CONDUCT**

4          7.     The work at issue in this lawsuit is the forthcoming third installment in

5    the blockbuster "The Expendables" motion picture franchise, "The Expendables 3"

6    (the "Film").  The Film is scheduled for theatrical release in North America on

7    August 15, 2014, and has not been released to date.

8          8.     The cast of the Film includes Sylvester Stallone, Jason Statham, Arnold

9    Schwarzenegger, Mel Gibson, Harrison Ford, Wesley Snipes, Dolph Lundgren and

10   Antonio Banderas among many others.  The first two films in this franchise, "The

11   Expendables" and "The Expendables 2", generated worldwide box office revenues

12   in excess of $575 million.

13         9.     The Film is the subject of a pending application for expedited

14   registration with the United States Copyright Office, which has assigned the

15   application Receipt No. 1-QVTXDT.  A true and correct copy of the application is

16   attached hereto as **Exhibit A**.  In addition, the screenplay for the Film is the subject

17   of United States Copyright Registration No. PAu003704583, issued on July 10,

18   2013, which is valid, subsisting and in full force and effect.  A true and correct copy

19   of the registration certificate is attached hereto as **Exhibit B.**  The Film is a

20   derivative work based on the registered screenplay.

21         10.    Lions Gate has been licensed the sole and exclusive right to distribute

22   and exploit the Film in the United States and throughout North America.  Lions

23   Gate's exclusive rights in the Film pursuant to this exclusive license include but are

24   not limited to all rights in the United States and throughout North America to exploit

25   the Film by means of direct exhibition in theaters, by means of the Internet and in all

26   home video media, among other rights.

27         11.    On or about July 24, 2014, Lions Gate learned that a digital file

28   containing a high quality reproduction of the Film had been stolen and uploaded to

COMPLAINT                                                                          - 3 -

1   the Internet without Lions Gate's authorization or consent.  Lions Gate is informed
2   and believes and on that basis alleges that only a single digital file containing the
3   Film was stolen, and that every copy of the Film alleged in this complaint (and
4   every copy available anywhere on the Internet) originated from and is a
5   reproduction of that single original digital file (hereinafter the "Stolen Film").
6   Accordingly, Lions Gate's claims against Defendants arise out of the same
7   transaction, occurrence, or series of transactions or occurrences.

8       12.    Lions Gate is informed and believes and on that basis alleges that
9   Defendants herein are distributing, reproducing, performing and otherwise
10  exploiting the Stolen Film in violation of Lions Gate's exclusive rights as set forth
11  below.

12                          **<limetorrents.com>**

13      13.    One or more of Defendants operate a website at the domain name
14  <limetorrents.com>.  Lions Gate is informed and believes and on that basis alleges
15  that the operator(s) of <limetorrents.com> are unlawfully disseminating the Stolen
16  Film using the "BitTorrent" protocol, which is a type of peer-to-peer filesharing
17  protocol.  Specifically, this site hosts small files called "torrent" files.  Each torrent
18  file contains an instruction set including a unique "hash value" that allows the end
19  user's client program to locate and connect to a group of other users (called a
20  "swarm") who are all simultaneously sharing copies of the Stolen Film with one
21  another.  By downloading one of these "torrent" files associated with the Stolen
22  Film from <limetorrents.com>, users join a "swarm" where they download parts of
23  the Stolen Film from many different users and also upload to other users parts of the
24  Stolen Film they have already received, until eventually they have reproduced the
25  entire Stolen Film on their own hard drives and in most cases have also uploaded all
26  or a substantial part of the Stolen Film to others.

27      14.    Lions Gate first became aware that copies of the Stolen Film were
28  being disseminated through <limetorrents.com> on or about July 25, 2014.  Lions

COMPLAINT                                                        - 4 -

1  Gate sent demand letters to the operator(s) of the site on July 26, 30 and 31
2  demanding that the site stop disseminating copies of the Stolen Film. To date, the
3  operator(s) of the site have not responded to Lions Gate's demands. Rather, as of
4  the date of this filing links to the torrents allow users to access "swarms" where the
5  Stolen Film is being shared remain on the site, including in the fifth-ranked position
6  for "Movie torrents" on the site's home page.

7  <center>**<billionuploads.com>**</center>

8       15.    One or more of Defendants operate a website at the domain name
9  <billionuploads.com>. Lions Gate is informed and believes and on that basis
10  alleges that the operator(s) of <billionuploads.com> are unlawfully disseminating
11  the Stolen Film by hosting copies of the Stolen Film in one or more directories
12  where users can download copies of the Stolen Film directly to their computers.

13       16.    Lions Gate first became aware that copies of the Stolen Film were
14  being disseminated through <billionuploads.com> on or about July 25, 2014. Lions
15  Gate sent demand letters to the operator(s) of the site on July 25, 26, 27, 28, 29, 30
16  and 31 demanding that the site stop disseminating copies of the Stolen Film. To
17  date, the operator(s) of the site have not responded to Lions Gate's demands.
18  Rather, as of the date of this filing, links disseminating copies of the Stolen Film
19  remain active on the site.

20  <center>**<hulkfile.eu>**</center>

21       17.    One or more of Defendants operate a website at the domain name
22  <hulkfile.eu>. Lions Gate is informed and believes and on that basis alleges that the
23  operator(s) of <hulkfile.eu> are unlawfully disseminating the Stolen Film by hosting
24  copies of the Stolen Film in one or more directories where users can download
25  copies of the Stolen Film directly to their computers.

26       18.    Lions Gate first became aware that copies of the Stolen Film were
27  being disseminated through <hulkfile.eu> on or about July 25, 2014. Lions Gate
28  sent demand letters to the operator(s) of the site on July 26, 27, 28, 29, 30 and 31

1    demanding that the site stop disseminating copies of the Stolen Film.  To date, the

2    operator(s) of the site have not responded to Lions Gate's demand.  Rather, as of the

3    date of this filing links disseminating copies of the Stolen Film remain active on the

4    site.

5    <div align="center">**&lt;played.to&gt;**</div>

6    19.    One or more of Defendants operate a website at the domain name

7    &lt;played.to&gt;.  Lions Gate is informed and believes and on that basis alleges that the

8    operator(s) of &lt;played.to&gt; are unlawfully disseminating the Stolen Film by hosting

9    copies of the Stolen Film in one or more directories and by displaying an embedded

10    viewing window in which users can stream copies of the Stolen Film directly to

11    their screens.

12    20.    Lions Gate first became aware that copies of the Stolen Film were

13    being disseminated through &lt;played.to&gt; on or about July 25, 2014.  Lions Gate sent

14    demand letters to the operator(s) of the site on July 25, 26, 27, 28, 29, 30 and 31

15    demanding that the site stop disseminating copies of the Stolen Film.  To date, the

16    operator(s) of the site have not responded to Lions Gate's demands.  Rather, as of

17    the date of this filing users visiting the site can still stream the Stolen Film on the

18    site.

19    <div align="center">**&lt;swankshare.com&gt;**</div>

20    21.    One or more of Defendants operate a website at the domain name

21    &lt;swankshare.com&gt;.  Lions Gate is informed and believes and on that basis alleges

22    that the operator(s) of &lt;swankshare.com&gt; are unlawfully disseminating the Stolen

23    Film by hosting copies of the Stolen Film in one or more directories where users can

24    download copies of the Stolen Film directly to their computers.

25    22.    Lions Gate first became aware that copies of the Stolen Film were

26    being disseminated through &lt;swankshare.com&gt; on or about July 25, 2014.  Lions

27    Gate sent demand letters to the operator(s) of the site on July 26, 30 and 31

28    demanding that the site stop disseminating copies of the Stolen Film.  To date, the

COMPLAINT       

operator(s) of the site have not responded to Lions Gate's demands.  Rather, as of the date of this filing links disseminating copies of the Stolen Film remain active on the site.

<center>**&lt;dotsemper.com&gt;**</center>

23.    One or more of Defendants operate a website at the domain name &lt;dotsemper.com&gt;.  Lions Gate is informed and believes and on that basis alleges that the operator(s) of &lt;dotsemper.com&gt; are unlawfully disseminating the Stolen Film in multiple ways.

24.    First, &lt;dotsemper.com&gt; is hosting copies of the Stolen Film in one or more directories where users can download copies of the Stolen Film directly to their computers.

25.    Second, &lt;dotsemper.com&gt; also displays an embedded viewing window in which users can stream copies of the Stolen Film directly to their screens.

26.    Lions Gate first became aware that copies of the Stolen Film were being disseminated through &lt;dotsemper.com&gt; on or about July 25, 2014.  Lions Gate sent demand letters to the operator(s) of the site on July 26, 27, 28, 30 and 31 demanding that the site stop disseminating copies of the Stolen Film.  To date, the operator(s) of the site have not responded to Lions Gate's demands.  Rather, as of the date of this filing, links disseminating copies of the Stolen Film remain active on the site and users can still stream the Stolen Film on the site.

27.    Lions Gate is informed and believes and on that basis alleges that Defendants and each of them have unlawfully distributed, reproduced, performed and otherwise exploited copies of the Stolen Film to users in the United States (and elsewhere) and have used Internet Service Providers located in California and/or elsewhere in the United States to carry out their unlawful activities alleged herein.

28.    Lions Gate has not authorized Defendants to distribute, reproduce, perform or otherwise exploit the Film within the United States or North America.

29.    Lions Gate is informed and believes and on that basis alleges that

1     Defendants and each of them have actual and constructive knowledge of Lions

2     Gate's exclusive rights in the Film, and are distributing, reproducing, performing

3     and otherwise exploiting the Stolen Film willfully, maliciously and with wanton

4     disregard of Lions Gate's exclusive rights.

5     **FIRST CAUSE OF ACTION**

6     **(Direct Federal Copyright Infringement – Against All Defendants)**

7     **[17 U.S.C. §§ 501, *et seq.*]**

8          30.     Lions Gate refers to, repeats and realleges all allegations contained in

9     Paragraphs 1 through 29 of this Complaint and incorporates them by reference as

10    though set forth in full.

11          31.     At all relevant times, Lions Gate has been the exclusive licensee with

12    the sole and exclusive right to distribute, reproduce, perform and otherwise exploit

13    the Film in the United States and throughout North America.

14          32.     Defendants have willfully, intentionally and maliciously distributed,

15    reproduced, performed and otherwise exploited the Film without Lions Gate's

16    authorization, consent or approval and in violation of Lions Gate's exclusive rights

17    under the Copyright Act.

18          33.     Lions Gate is informed and believes and on that basis alleges that

19    Defendants, and each of them, are fully aware of Lions Gate's exclusive rights, and

20    have infringed Lions Gate's rights willfully, maliciously and with wanton disregard.

21          34.     Defendants' conduct as alleged herein has caused and will continue to

22    cause Lions Gate irreparable harm for which there is no adequate remedy at law,

23    and is also causing damage to Lions Gate in an amount which cannot be accurately

24    computed at this time but will be proven at trial.

25     **SECOND CAUSE OF ACTION**

26     **(Contributory Federal Copyright Infringement – Against All Defendants)**

27     **[17 U.S.C. §§ 501, *et seq.*]**

28          35.     Lions Gate refers to, repeats and realleges all allegations contained in

1  Paragraphs 1 through 34 of this Complaint and incorporates them by reference as
2  though set forth in full.

3      36.    At all relevant times, Lions Gate has been the exclusive licensee with
4  the sole and exclusive right to distribute, reproduce, perform and otherwise exploit
5  the Film in the United States and throughout North America.

6      37.    Lions Gate is informed and believes and on that basis alleges that
7  individuals in the United States and elsewhere are using Defendants' websites to
8  directly infringe Lions Gate's exclusive rights under the Copyright Act on a daily
9  basis by, for example, creating and distributing unauthorized reproductions of the
10 Stolen Film in violation of Lions Gate's exclusive rights.  Each such violation of
11 Lions Gate's exclusive rights constitutes a separate and distinct act of copyright
12 infringement.

13     38.    Defendants are liable as contributory infringers for the copyright
14 infringement committed via their websites.  Defendants have knowledge of this
15 infringement, including without limitation because Lions Gate has notified them of
16 the infringement, but Defendants continue to cause, enable, induce, facilitate and
17 materially contribute to the infringement by continuing to provide their users with
18 the means to unlawfully distribute, reproduce and otherwise exploit the Stolen Film
19 in the manner described above.

20     39.    Through the conduct described above, Defendants are contributorily
21 liable for the infringement described herein.

22     40.    Lions Gate is informed and believes and on that basis alleges that
23 Defendants, and each of them, are fully aware of Lions Gate's exclusive rights, and
24 have contributorily infringed Lions Gate's rights willfully, maliciously and with
25 wanton disregard.

26     41.    Defendants' conduct as alleged herein has caused and will continue to
27 cause Lions Gate irreparable harm for which there is no adequate remedy at law,
28 and is also causing damage to Lions Gate in an amount which cannot be accurately

COMPLAINT                                                                    - 9 -

computed at this time but will be proven at trial.

## THIRD CAUSE OF ACTION

**(Vicarious Federal Copyright Infringement – Against All Defendants)**

**[17 U.S.C. §§ 501, *et seq*.]**

42.     Lions Gate refers to, repeats and realleges all allegations contained in Paragraphs 1 through 41 of this Complaint and incorporates them by reference as though set forth in full.

43.     At all relevant times, Lions Gate has been the exclusive licensee with the sole and exclusive right to distribute, reproduce, perform and otherwise exploit the Film in the United States and throughout North America.

44.     Lions Gate is informed and believes and on that basis alleges that individuals in the United States and elsewhere are using Defendants' websites to directly infringe Lions Gate's exclusive rights under the Copyright Act on a daily basis by, for example, creating and distributing unauthorized reproductions of the Stolen Film in violation of Lions Gate's exclusive rights.  Each such violation of Lions Gate's exclusive rights constitutes a separate and distinct act of copyright infringement.

45.     Defendants are liable as vicarious infringers for the copyright infringement committed via their websites.  At all relevant times, Defendants (i) have had the right and ability to control and/or supervise the infringing conduct of their users, and (ii) have had a direct financial interest in, and derived financial benefit from, such infringing conduct.

46.     By way of example and without limitation, Lions Gate is informed and believes and on that basis alleges that Defendants derive a financial benefit from the infringing conduct by generating revenue from paid advertisements and/or solicitations of donations that are displayed on Defendants' websites alongside or in close proximity to the links that provide Defendants' users with the means to unlawfully distribute, reproduce and otherwise exploit the Stolen Film.

47.     Lions Gate is informed and believes and on that basis alleges that Defendants and each of them have the right and ability to supervise this infringing conduct because, among other things, Defendants operate the websites and exercise direct control over the content that users can access through their websites and the conditions under which users can access such content.

48.     Through the conduct described above, Defendants are vicariously liable for the infringement described herein.

49.     Lions Gate is informed and believes and on that basis alleges that Defendants, and each of them, are fully aware of Lions Gate's exclusive rights, and have vicariously infringed Lions Gate's rights willfully, maliciously and with wanton disregard.

50.     Defendants' conduct as alleged herein has caused and will continue to cause Lions Gate irreparable harm for which there is no adequate remedy at law, and is also causing damage to Lions Gate in an amount which cannot be accurately computed at this time but will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Lions Gate demands judgment against the Defendants jointly and severally, and demands that the Court grant Lions Gate relief against the Defendants jointly and severally as set forth below.

1.   That the Court enter a temporary restraining order, a preliminary injunction and a permanent injunction:

     a. Prohibiting Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, as well as any person in possession of the Stolen Film or any portion thereof, from:

          i. hosting, linking to, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or

making any other use of any copy or copies of the Stolen Film or any portion thereof in any form;

    ii.  taking any action that induces, causes or materially contributes to the direct infringement of Lions Gate's rights in the Film by any third party, including without limitation hosting, linking to or otherwise providing access to any torrent files, trackers, links (including without limitation magnet links), hash values or other instruction sets of any kind that enable users to locate or access any "swarm" or other location where any copy or copies of the Stolen Film or any portion thereof are being distributed, reproduced, performed or otherwise exploited in any form; and

    iii.  otherwise infringing Lions Gate's rights in any manner, whether directly, contributorily, vicariously or in any other way;

b.  Prohibiting Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, from operating any of the websites identified in this Complaint and such further and additional websites that may be discovered and submitted to the Court to be added to the injunction as the Court finds equitable and appropriate;

c.  Requiring Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, to take all steps necessary to recall and recover all copies of the Stolen Film or any portion thereof that they have distributed, reproduced or otherwise made available to any other person at any time and to turn over such recalled and recovered copies to Lions Gate;

d. Requiring Defendants and each of them, including without limitation their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, to deliver to Lions Gate, at Defendants' cost:

    i. All hard copy and electronic copies of the Stolen Film and any images from or other portions of the Stolen Film, as well as any other images or films owned by Lions Gate, or any portions or modifications thereof, within the possession, custody or control of Defendants and any of them, pursuant to an appropriate protocol for identifying and retrieving all infringing electronically stored information within the possession, custody or control of Defendants and each of them;

    ii. Verifications executed under penalty of perjury confirming that Defendants and each of them have complied with the requirements of subparagraphs 1(a) through 1(d)(i) above and that no copies of the Stolen Film or any portions thereof remain within their possession, custody or control; and

    iii. All servers, hard drives, flash drives, solid state drives, optical discs, mobile devices, personal computers and any other medium within their possession, custody or control on which any copy or copies of the Stolen Film or any images from or other portions of the Stolen Film, or any other images or films owned by Lions Gate, or any portions or modifications thereof presently reside, or which have been used to disseminate any portion of the Stolen Film or any other portion thereof or any other images or films owned by Lions Gate, including all passwords, encryption keys and other credentials, data or other information that Lions Gate

may require in order to conduct an independent forensic
investigation to confirm that Defendants and each of them have
complied with the requirements of Paragraphs 1(a) through 1(d)(i)
above and that the verifications delivered pursuant to Paragraph
1(d)(ii) above are truthful; and

e.  Prohibiting Defendants and each of them, including without limitation
their agents, servants, employees, officers, attorneys, successors,
licensees, partners, and assigns and all those acting in active concert or
participation with any of them, from effecting assignments or transfers,
forming new entities or associations or utilizing any other device for the
purpose of circumventing or otherwise avoiding the prohibitions set
forth herein;

f.  Ordering that all third parties, including without limitation all Internet
Service Providers ("ISP"), hosts, domain name server operators, cloud
storage providers and advertising service providers, who are currently
providing services used in connection with the websites identified in this
Complaint or such further and additional websites that may be
discovered and submitted to the Court, be added to the injunction as the
Court finds equitable and appropriate;

g.  Requiring all network information centers, registry operators and/or
domain name registrars currently providing services in connection with
the domain names identified in this Complaint or such further and
additional domain names that may be discovered and submitted to the
Court to be added to the injunction as the Court finds equitable and
appropriate to disable service to such domain names, to place such
domain names on "locked" status and to take all steps necessary to
cancel the registrations of such domain names or effect the transfer of

the registrations of such domain names to Lions Gate, at Lions Gate's

option;

h.   Requiring any banks, savings and loan associations, payment processors

or other financial institutions, payment providers, third party processors

and advertising service providers of Defendants or any of them, to

immediately locate all accounts connected to Defendants or Defendants'

infringing activities and to immediately cease transferring or disposing

of any money or other of Defendants' assets, cease allowing such funds

to be transferred or withdrawn, and cease allowing any diminutions to be

made by Defendants from such accounts pending further order of the

Court.

2.   That the Court award Lions Gate actual damages or statutory damages

pursuant to 17 U.S.C. § 504, at the election of Lions Gate.

3.   That the Court award Lions Gate its costs of suit incurred herein, including

its attorneys' fees and investigators' fees incurred by Lions Gate in investigating

Defendants' unlawful conduct, as provided by applicable law.

4.   That the Court retain jurisdiction of this action for the purpose of enabling

Lions Gate to apply to the Court at any time for such further orders and interpretation

or execution of any order entered in this action, for the modification of any such

order, for the enforcement or compliance therewith and for the punishment of any

violations thereof.

5.   That the Court grant Lions Gate such other and further relief as it deems

just and equitable to make Lions Gate whole for the damage caused by Defendants.

//

//

//

//

//

COMPLAINT                                                                                      - 15 -

1

## JURY TRIAL DEMAND

2     Lions Gate respectfully demands a trial by jury on all claims and issues so

3  triable.

4

5  DATED:  July 31, 2014          Respectfully submitted,

6                               KILPATRICK TOWNSEND & STOCKTON
                               LLP
7

8

9                               By:   /s/ Dennis L. Wilson
                                     DENNIS L. WILSON
10                               Attorneys for Plaintiff
                               Lions Gate Films Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                               - 16 -