KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (State Bar No. 129668)
LMcFarland@kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
DWilson@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:  310-248-3830
Facsimile:  310-860-0363

JOSEPH PETERSEN (*pro hac vice* motion forthcoming)
JPetersen@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone:  212-775-8700
Facsimile:  212-775-8800

Attorneys for Plaintiff
LIONS GATE FILMS INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LIONS GATE FILMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-10 inclusive, d/b/a, <limetorrents.com>, <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and <dotsemper.com>, *et al*.<br><br>Defendants. | **DECLARATION OF EDWARD CHO IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

I, Edward Cho, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am a Director of Global Operations at MarkMonitor, Inc. ("MarkMonitor"), a Thomson Reuters anti-piracy company focusing on, among other things, monitoring online websites and networks for infringing content. In connection with my anti-piracy work at MarkMonitor I supervise, directly or indirectly, a team of approximately 100 specialists who focus their efforts on identifying and addressing piracy of a broad range of copyrighted works, including movies, music, software, games and e-books.

2. The statements made in this declaration are based on my personal knowledge including on information provided to me by colleagues or other personnel working under my supervision. If called to testify, I would testify as follows:

3. In my duties as Director of Global Operations at MarkMonitor, I have recently overseen work that the company has done on behalf of Lions Gate Films Inc. ("Lions Gate") with respect to Lions Gate's forthcoming theatrical release *The Expendables III* (the "Film").

4. On Thursday, July 24, 2014, I was informed by Lions Gate that a digital file containing a high quality reproduction of the Film had been stolen and uploaded to the Internet without Lions Gate's authorization or consent (the "Stolen Film").

5. Starting that same day, Thursday, July 24, 2014, MarkMonitor employees acting under my supervision have conducted searches of the internet for unauthorized reproductions and distributions of the Film.

6. According to our tracking software (which software I believe to be accurate), as of July 31, 2014, the Stolen Film has been downloaded at least 2.1 million times on peer-to-peer networks since the first unauthorized release (peer-to-peer networks are distinguished by the fact that the information available for access does not reside on a central server; rather, each computer in the peer-to-peer network makes information available to every other computer in the peer-to-peer network). Further, while our tracking software does not track downloads outside of peer-to-peer networks, the Stolen Film is also available on the Internet for downloading and streaming through websites that do not constitute peer-to-peer networks. I believe that it is safe to assume that hundreds of thousands if not millions of downloads and/or streams have taken place on such networks worldwide.

7. Approximately 247,000 downloads, or slightly more than 11% of the total number of such downloads, have taken place to individuals based in the United States (again, these figures are limited to downloads through peer-to-peer networks and the number of downloads would undoubtedly be higher if it included downloads through non peer-to-peer sites). Of the number of such downloads to individuals in the United States, 21,000 have taken place to individuals based in the Los Angeles metropolitan area, *i.e.*, 8.5% of the peer-to-peer network downloads to individuals in the U.S. have taken place in or near Los Angeles, California.

DECLARATION OF EDWARD CHO IN SUPPORT OF APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE - 3 -

8. In response to the unauthorized reproduction of the Stolen Film, MarkMonitor began compiling information on the websites that were either hosting the Stolen Film or otherwise facilitating the distribution of the Stolen Film, such as through torrent websites (which, as discussed in more detail in Paragraph 10 herein, offer a protocol for allowing users who have downloaded a copy of a file to serve as a source from which other users can download that same file; the end result of torrent websites is the dramatic proliferation of unauthorized reproductions of copyrighted works such as the Stolen Film).

9. Thereafter, MarkMonitor, on Lions Gate's behalf, began issuing take-down requests to the operators of the websites identified through our searches. MarkMonitor has sent approximately 2,770 take-down requests covering, cumulatively, 10,846 unique host URLs (since a single website often has multiple URLs hosting the Stolen Film we can and do request that the operator of a single website remove multiple unique host URLs). In the vast majority of instances the recipients responded by taking down the Stolen Film and otherwise taking steps to avoid the piracy of the Stolen Film.

10. However, in a limited number of instances the websites at issue refused to take down the Stolen Film and/or failed to take reasonable steps to prevent the further distribution of the Stolen Film. This category of websites includes, without limitation, <limetorrents.com>, <billionuploads.com>, <hulkfile.eu>, <played.to>,

DECLARATION OF EDWARD CHO IN SUPPORT OF APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE                                              - 4 -

1  &lt;swankshare.com&gt;, and &lt;dotsemper.com&gt;, as discussed in more detail in the following paragraphs.

11.  On July 25, 2014, MarkMonitor first became aware that the &lt;limetorrents.com&gt; website was disseminating the Stolen Film using the peer-to-peer filesharing "BitTorrent" protocol.  Websites that use the BitTorrent protocol, including &lt;limetorrents.com&gt; host small files called "torrent" files.  Each torrent file contains an instruction set including a unique "hash value" that allows the end user's client program to locate and connect to a group of other users (called a "swarm") who are all simultaneously sharing copies of, in the case of &lt;limetorrents.com&gt;, the Stolen Film with one another.  By downloading one of these torrent files associated with the Stolen Film from &lt;limetorrents.com&gt;, users join a "swarm" where they download parts of the Stolen Film from many different users and also upload to other users parts of the Stolen Film they have already received, until eventually they have reproduced the entire Stolen Film on their own hard drives and, in most cases, have also uploaded all or a substantial part of the Stolen Film to others.  Attached as Exhibit A are true and correct copies of representative screenshots of the &lt;limetorrents.com&gt; website captured by MarkMonitor on July 31, 2014.

12.  On July 25, 2014, MarkMonitor first became aware that the &lt;billionuploads.com&gt; website was hosting copies of the Stolen Film in one or more directories where users could download copies of the Stolen Film directly to their

**DECLARATION OF EDWARD CHO IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**                                                                                         - 5 -

computers. Attached as Exhibit B are true and correct copies of representative screenshots of the <billionuploads.com> website, captured by MarkMonitor on July 31, 2014.

13. On July 25, 2014, MarkMonitor first became aware that the <swankshare.com> website was hosting copies of the Stolen Film in one or more directories where users could download copies of the Stolen Film directly to their computers. Attached as Exhibit C are true and correct copies of representative screenshots of the <swankshare.com> website, captured by MarkMonitor on July 31, 2014.

14. On July 25, 2014, MarkMonitor first became aware that the <hulkfile.eu> website was hosting copies of the Stolen Film in one or more directories where users who signed up for the website's service could download copies of the Stolen Film directly to their computers. Attached as Exhibit D are true and correct copies of representative screenshots of the <hulkfile.eu> website captured by MarkMonitor on July 31, 2014.

15. On July 25, 2014, MarkMonitor first became aware that the <played.to> website was hosting copies of the Stolen Film in one or more directories and displaying an embedded viewing window in which users could stream copies of the Stolen Film directly to their screens. Attached as Exhibit E are true and correct

copies of representative screenshots of the <played.to> website captured by MarkMonitor on July 31, 2014.

16. On July 25, 2014, MarkMonitor first became aware that the <dotsemper.com> website was hosting copies of the Stolen Film in one or more directories where users can download copies of the Stolen Film directly to their computers and displaying an embedded viewing window in which users could stream copies of the Stolen Film directly to their screens. Attached as Exhibit F are true and correct copies of representative screenshots of the <dotsemper.com > website captured by MarkMonitor on July 31, 2014.

17. MarkMonitor, on Lions Gate's behalf, issued take-down requests to the operator of the <limetorrents.com> website on July 26, 30, and 31; operators of the <billionuploads.com> and <played.to> websites on July 25, 26, 27, 28, 29, 30, and 31; operator of the <hulkfile.eu> website on July 26, 27, 28, 29, 30, and 31; operator of the <swankshare.com> website on July 26, 30, and 31; and operator of the <dotsemper.com> website on July 26, 27, 28, 29, 30, and 31. Attached as Exhibit G are true and correct copies of these takedown requests (MarkMonitor submitted take-down requests to three of the websites in question, <swankshare.com>, <dotsemper.com> and <limetorrents.com>, through an on-line submission form available through each of these websites; in order to maintain a record of the take-

down, MarkMonitor, consistent with its procedures, saved a copy to an internal e-mail address, viz., nomail@nomail.nomail.).

18. To date, the operators of these six websites have not responded to our take-down requests. Rather, as of July 31, 2014, torrent links on the <limetorrents.com> website allowed users to access "swarms" where the Stolen Film continued to be shared; links disseminating copies of the Stolen Film remained active on the <billionuploads.com>, <hulkfile.eu>, <swankshare.com>, and <dotsemper.com> websites; and users could still stream the Stolen Film on the <played.to> and <dotsemper.com> websites.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 1, 2014.

_____
Edward Cho

DECLARATION OF EDWARD CHO IN SUPPORT OF APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE

- 8 -