KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (State Bar No. 129668)
LMcFarland@kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
DWilson@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:  310-248-3830
Facsimile:   310-860-0363

JOSEPH PETERSEN (*pro hac vice* motion forthcoming)
JPetersen@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone:  212-775-8700
Facsimile:  212-775-8800

Attorneys for Plaintiff
LIONS GATE FILMS INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| LIONS GATE FILMS INC., | Case No. 2:14-cv-06033-MMM-AGR |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF CHRISTOPHER VARAS** |
| v. | |
| JOHN DOES 1-10 inclusive, d/b/a, <limetorrents.com>, <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and <dotsemper.com>, *et al*., | |
| Defendants. | |

I, Christopher Varas, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declare and state as follows:

1.      I am an attorney with the law firm of Kilpatrick Townsend & Stockton LLP, counsel to plaintiff Lions Gate Films Inc. in this matter.  I have personal knowledge of the facts stated herein and would testify competently thereto if called upon to do so.  I make this declaration in support of Lions Gate's *ex parte* application for a temporary restraining order, asset restraining order and order to show cause, and in response to the Court's instruction.

2.      Lions Gate served all of the defendants in this matter with its complaint, its application and all supporting documents by email on August 1, 2014.  Further detail regarding the mechanics of the service and the fact that Lions Gate has not received delivery failure notices with respect to any of the email addresses used to effect service are provided in the declaration of service filed concurrently herewith.[1]

3.      Pursuant to the Court's instructions, the remainder of this declaration addresses Lions Gate's efforts to obtain the defendants' contact information, why email service was reasonably calculated to give the defendants notice, Lions Gate's present understanding, if any, with respect to the defendants' locations, and whether Lions Gate has successfully communicated with defendants before.

4.      As detailed in the Declaration of Edward Cho supporting Lions Gate's *ex parte* application, MarkMonitor repeatedly attempted to contact each of the defendants on Lions Gate's behalf in the week leading up to Lions Gate filing its application.  MarkMonitor sent its notices using the methods of communication that

_____

[1] As indicated the Declaration of Service, my office did receive a notification that an email to the address aacr4@acdsoft.com could not be delivered.  My office did not send any service emails to this address.  It is possible that the notice relates to an email address to which one of the service email addresses was set to automatically forward, though based on the information in the notice I cannot say whether that is the case.

1   the defendants specified on their websites.

2          5.      When the defendants failed to respond to MarkMonitor's repeated

3   notices and Lions Gate was forced to seek relief from this Court to stop the

4   defendants' infringement, it attempted to identify the method of communication

5   reasonably calculated to give the defendants notice of the lawsuit and its application

6   by reviewing both the websites and the contact information for the defendants in the

7   relevant WHOIS database.

8          6.      The WHOIS database is a publicly-available database that contains the

9   name and contact information that a domain name registrant provides as part of the

10   process of registering a domain name.

11                             **<limetorrents.com>**

12          7.      The WHOIS information for the website <limetorrents.com> is

13   attached to my original declaration as Exhibit A.  The defendant operating

14   <limetorrents.com> provided a physical address in Pakistan and the email address

15   kof_javed@hotmail.com as the contact information for the operator(s) of

16   <limetorrents.com>.

17          8.      Lions Gate served the complaint, application and supporting documents

18   on the operator(s) of <limetorrents.com> at the email address the defendant(s)

19   provided as the address that should be used for communications relating to

20   <limetorrents.com>.

21          9.      To my knowledge, the operator(s) of <limetorrents.com> have not

22   responded to any of Lions Gate's communications, and did not acknowledge receipt

23   of Lions Gate's service emails.  Accordingly, Lions Gate cannot confirm that it has

24   had successful email communication with the operator(s) of <limetorrents.com>.

25   However, my office did not receive any notice that delivery to the addresses

26   kof_javed@hotmail.com had failed.

27                             **<billionuploads.com>**

28          10.     The operator(s) of <billionuploads.com> have used a masking service

1   to hide the WHOIS name, physical address and email address information for this

2   domain name.  Lions Gate does not know whether these defendants are likely to be

3   located in the United States or elsewhere.

4          11.    However, the site itself invites third parties to send notices regarding

5   copyright infringement to the email address <dmca@billionuploads.com>.  A true

6   and correct copy of the page that directs copyright complainants to that email

7   address is attached to my original declaration as Exhibit C.

8          12.     Accordingly, Lions Gate served the complaint, application and

9   supporting documents on the operator(s) of <billionuploads.com> at the email

10  address the defendant(s) provided as the address that should be used for

11  communications relating to copyright infringement on <billionuploads.com>.

12         13.    Lions Gate did not receive any response to its email service directly

13  from the operator(s) of <billionuploads.com>.  However, my office did receive an

14  email from the address admin@billionuploads.com responding to a demand letter

15  that my office had sent to the registrar of <billionuploads.com>.  Links to the stolen

16  film remain available on <billionuploads.com> as of the filing of this declaration.

17                              **<hulkfile.eu>**

18         14.    The WHOIS listing for <hulkfile.eu> does not disclose the name,

19  physical address or email address for the actual registrant(s) of <hulkfile.eu>.

20  However, the site itself invites third parties to send notices regarding copyright

21  infringement to the email address <abuse@hulkfile.com>.  A true and correct copy

22  of the page that directs copyright complainants to that email address is attached to

23  my original declaration as Exhibit D.

24         15.    Accordingly, Lions Gate served the complaint, application and

25  supporting documents on the operator(s) of <hulkfile.eu> at the email address the

26  defendant(s) provided as the address that should be used for communications

27  relating to copyright infringement on <hulkfile.eu>.

28         16.    To my knowledge, the operator(s) of <hulkfile.eu> have not responded

to any of Lions Gate's communications, and did not acknowledge receipt of Lions Gate's service emails. Accordingly, Lions Gate cannot confirm that it has had successful email communication with the operator(s) of <hulkfile.eu>. However, my office did not receive any notice that delivery to the address abuse@hulkfile.eu had failed.

<u>**<played.to>**</u>

17. The WHOIS listing for <played.to> does not disclose an email address for the actual registrant(s) of <played.to>. However, the site itself invites third parties to send notices regarding copyright infringement to the email address <dmca@played.to>. A true and correct copy of the page that directs copyright complainants to that email address is attached to my original declaration as Exhibit E.

18. Accordingly, Lions Gate served the complaint, application and supporting documents on the operator(s) of <played.to> at the email address the defendant(s) provided as the address that should be used for communications relating to copyright infringement on <played.to>.

19. Today, my office was contacted by counsel for the operator of <played.to>, who confirmed that his client had received Lions Gate's service. The attorney's contact information is: John A. Arsenault of the law firm Wessels & Arsenault; 1333 West 120th Avenue Suite 219, Westminster, CO 80234-2713. His telephone number is 303-459-7898.

<u>**<swankshare.com>**</u>

20. The WHOIS information for the website <swankshare.com>, printed from the website <centralops.net>, is attached to my original declaration as Exihbit A. The defendant operating <swankshare.com> provided a physical address in Singapore and the email address swankshare@gmail.com as the contact information for the operator(s) of <swankshare.com>.

21. Accordingly, Lions Gate served the complaint, application and

1  supporting documents on the operator(s) of <swankshare.com> at the email address

2  the defendant(s) provided as the address that should be used for communications

3  relating to <limetorrents.com>.

4      22.   To my knowledge, the operator(s) of <swankshare.com> have not

5  responded to any of Lions Gate's communications, and did not acknowledge receipt

6  of Lions Gate's service emails.  Accordingly, Lions Gate cannot confirm that it has

7  had successful email communication with the operator(s) of <swankshare.com>.

8  However, my office did not receive any notice that delivery to the address

9  <swankshare@gmail.com> had failed.

10                        **<dotsemper.com>**

11     23.   The WHOIS information for the website <dotsemper.com>, printed

12  from the website <centralops.net>, is attached to my original declaration as Exhibit

13  G.

14     24.   The operator(s) of <dotsemper.com> has used a masking service to

15  hide the WHOIS name, physical address and email address information for this

16  domain name, and the site itself uses a submission form rather than an email address

17  for copyright infringement notices.  Lions Gate does not know whether these

18  defendants are likely to be located in the United States or elsewhere.

19     25.   Accordingly, Lions Gate served the complaint, application and

20  supporting documents on the operator(s) of <dotsemper.com> at the publicly-listed

21  email address specified by the masking service as the email address used to contact

22  the operators of <dotsemper.com>.

23     26.   To my knowledge, the operator(s) of <dotsemper.com> have not

24  responded to any of Lions Gate's communications, and did not acknowledge receipt

25  of Lions Gate's service emails.  Accordingly, Lions Gate cannot confirm that it has

26  had successful email communication with the operator(s) of <dotsemper.com>.

27  However, my office did not receive any notice that delivery to the address

28  dotsemper.com@domainsbyproxy.com had failed.

27.     Based on the foregoing, Lions Gate respectfully submits that email to the foregoing addresses was both reasonably calculated to give the defendants notice, and was also the fastest method of delivering notice of this extremely time-sensitive matter because email delivery is virtually instant.

28.     Lions Gate is in the process of investigating whether the WHOIS name and physical address information for <limetorrents.com> and <swankshare.com> is accurate, and will shortly be filing a motion for expedited discovery to confirm the true identities and locations of all of the defendants.  But as detailed in the declaration of Robert Wenokur, a delay in the entry of a restraining order while Lions Gate conducts further investigation will cause Lions Gate to suffer substantial additional irreparable harm.

29.     I have been advised by others in my office that as of the filing of this declaration, all of the websites identified in Lions Gate's complaint continue to display links that provide users with infringing copies of the stolen film.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of August, 2014 at Seattle. WA

_____

Christopher Varas