1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10                    **WESTERN DIVISION**
11

| | |
|---|---|
| LIONS GATE FILMS INC., | Case No. 2:14-cv-06033-MMM-AGR |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| v. | |
| JOHN DOES 1-10 inclusive, d/b/a, <limetorrents.com>, <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and <dotsemper.com>, *et al.*, | |
| Defendants. | |

1  This matter came on before the Court on the *ex parte* application for a Temporary Restraining Order, Asset Restraining Order and to Show Cause why a Preliminary Injunction Should not Issue, filed by plaintiff Lions Gate Films Inc. ("Lions Gate").  The Court has considered the papers submitted by Lions Gate and, finding good cause, hereby GRANTS Lions Gate's application.

The Court finds that Lions Gate has satisfied the requirements for a temporary restraining order, an asset restraining order and an order to show cause why a preliminary injunction should not issue.  Lions Gate has established that it is likely to succeed on the merits of its claims.  It appears likely Lions Gate will be able to establish that the film at issue in this matter, "The Expendables 3" (hereinafter the "Film") is the subject of valid copyrights and that Lions Gate is the exclusive licensee with the exclusive right to distribute and exploit the Film in the United States and throughout North America, including by means of direct exhibition in theaters, by means of the Internet and in all home video media, among other rights.  It also appears likely that the Defendants are unlawfully distributing, reproducing, performing and otherwise disseminating the Film through the websites <limetorrents.com>, <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and <dotsemper.com>.

Lions Gate has established that it will suffer irreparable harm in the absence of immediate relief.  Among other things, Defendants' likely infringement has stripped Lions Gate of the critical right of first publication, is interfering with Lions Gate's contractual relationships with third parties, is damaging Lions Gate's goodwill among consumers, and is depriving Lions Gate of revenue that will be difficult or impossible to calculate, but is likely far in excess of any amount that Defendants could repay to Lions Gate in damages even if the amount could be calculated.

The balance of equities also tips sharply in Lions Gate's favor.  The Court is not aware of any legitimate interest of Defendants that would be damaged by Lions Gate's requested injunction.

An injunction is also in the public interest because it will effectuate the policy and purpose of the Copyright Act to protect intellectual property rights and to incentivize the creation of copyrightable works.

The Court finds that no bond is required in this case because there is no realistic likelihood that Defendants will be harmed by Lions Gate's requested injunction.

The Court also finds that *ex parte* relief is appropriate in this case because Lions Gate has established that it will suffer further irreparable harm if its application is heard on the normal motion calendar and that Lions Gate has acted swiftly and is without fault in creating the crisis that prompted it to file its application. Lions Gate also gave Defendants notice of this application by electronic mail, giving them an opportunity to be heard.

Accordingly, the Court hereby ORDERS as follows:

1. Each and every one of the Defendants and their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, including but not limited to persons and entities providing any services to or in connection with the domain names <limetorrents.com>, <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and/or <dotsemper.com> or the websites to which any of those domain names resolve are, immediately upon receipt of notice of this Order, TEMPORARILY RESTRAINED AND ENJOINED from:

    a. Hosting, linking to, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of any copy or copies of the Film or any portion thereof in any form;

    b. Taking any action that induces, causes or materially contributes to the direct infringement of Lions Gate's rights in the Film by any third party, including without limitation hosting, linking to or otherwise providing

|   |   |   |
|---|---|---|
| 1 | | access to any torrent files, trackers, links (including without limitation |
| 2 | | magnet links), hash values or other instruction sets of any kind that |
| 3 | | enable users to locate or access any "swarm" or other location where any |
| 4 | | copy or copies of the Film or any portion thereof are being distributed, |
| 5 | | reproduced, performed or otherwise exploited in any form; |
| 6 | c. | Otherwise infringing Lions Gate's rights in the Film in any manner, |
| 7 | | whether directly, contributorily, vicariously or in any other way; and |
| 8 | d. | Transferring or performing any function that results in the transfer of the |
| 9 | | registration of the domain names <limetorrents.com>, |
| 10 | | <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> |
| 11 | | and <dotsemper.com>, or any of them, to any other registrant or |
| 12 | | registrar. |

This temporary restraining order is issued and effective as of 4:00 p.m. on August 4, 2014 and will expire on August 8, 2014 at 4 p.m.

2. Lions Gate is not required to post any bond prior to the issuance of this temporary restraining order.

3. All banks, savings and loan associations, payment processors or other financial institutions, payment providers, third party processors and advertising service providers of Defendants or any of them must, upon receiving notice of this Order, immediately locate all accounts connected to Defendants or to <limetorrents.com>, <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and/or <dotsemper.com> and immediately cease transferring or disposing of any money or other assets residing in such accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made by Defendants from such accounts pending further order of this Court.

4. The Court hereby ORDERS Defendants and each of them to show cause why the terms of this Temporary Restraining Order set forth in Paragraphs 1 through 3 above should not be entered as a preliminary injunction. For purposes of this Order

to Show Cause the Court construes Lions Gate's application as a motion for entry of a preliminary injunction, and hereby sets a hearing on Lions Gate's motion on August 8, 2014 at 4 p.m. Any opposition to Lions Gate's motion must be filed and served on all parties no later than August 6, 2014 at 12 p.m. Lions Gate shall file its reply to any opposition no later than August 7, 2014 at 9 a.m.

5. No later than 6 p.m. on August 4, 2014, Lions Gate shall give each of the Defendants notice of this Order by electronic mail to the same email addresses Lions Gate used to give them notice of its intention to file its application. Such notice shall include a copy of this Order and a copy of or link to all of the papers Lions Gate has filed in this action. Lions Gate's obligations under this Paragraph 5 shall be satisfied upon transmission of the email notice as provided herein. Lions Gate has no obligation to confirm that the email notice was successfully delivered. Lions Gate shall file a declaration attesting to its compliance with this Paragraph 5 no later than August 7, 2014 at 9 a.m. In light of counsel's efforts to locate and identify defendants as well as the urgency necessitated by Lions Gate's application for a temporary restraining order and preliminary injunction, the court approves service by email of the temporary restraining order and order to show cause why the court should not issue a preliminary injunction. The court makes no determination herein whether service by email of the complaint and summons is appropriate under Rule 4. Lions Gate is directed to serve limetorrents.com at the email address kof_javed@hotmail.com as well as by mail at its physical address in Pakistan. Lions Gate is directed to serve billionuploads.com at dmca@billionuploads.com and at admin@billionuploads.com. It is directed to serve hulkfile.eu at abuse@hulkfile.com. It is directed to serve played.to at dmca@played.to as well as via email to played.to's counsel John A. Arsenault. It is directed to serve swankshare.com at swankshare@gmail.com as well as by mail at its physical address in Singapore. Finally, it is directed to serve dotsemper.com at dotsemper.com@domainbyproxy.com.

ORDER - 5 -
CASE NO. 2:14-CV-06033-MMM-AGR

1        6.     Lions Gate shall include a copy of this Order in any correspondence it sends to any person or entity it believes is acting in active concert or participation with any of the Defendants, including without limitation any person or entity who provides hosting services for one or more of the websites specified in this Order.

       7.     Lions Gate may apply to this Court for modifications of this Temporary Restraining Order as appropriate, including without limitation to request that the terms of this Order be extended to such further and additional domain names as Lions Gate may discover are being used by any or all of the Defendants or their officers, agents, servants, employees, attorneys, or anyone in active concert or participation with any of them to infringe any of Lions Gate's rights.

IT IS SO ORDERED

Entered this 4th day of August, 2014 at 4 p.m.

_____
Hon. Margaret M. Morrow
United States District Judge

ORDER      - 6 -
CASE NO. 2:14-CV-06033-MMM-AGR