1  KILPATRICK TOWNSEND & STOCKTON LLP
   LARRY W. MCFARLAND (State Bar No. 129668)
2  LMcFarland@kilpatricktownsend.com
   DENNIS L. WILSON (State Bar No. 155407)
3  DWilson@kilpatricktownsend.com
   CHRISTOPHER T. VARAS (State Bar No. 257080)
4  CVaras@kilpatricktownsend.com
   9720 Wilshire Blvd PH
5  Beverly Hills, CA  90212-2018
   Telephone:  310-248-3830
6  Facsimile:   310-860-0363

7  JOSEPH PETERSEN (*pro hac vice* motion forthcoming)
   JPetersen@kilpatricktownsend.com
8  The Grace Building
   1114 Avenue of the Americas
9  New York, NY 10036-7703
   Telephone:  212-775-8700
10 Facsimile:  212-775-8800

11 Attorneys for Plaintiff
   LIONS GATE FILMS INC.
12

13              **UNITED STATES DISTRICT COURT**

14           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15                    **WESTERN DIVISION**

16

| | |
|---|---|
| 17  LIONS GATE FILMS INC., | Case No. 2:14-cv-06033-MMM-AGR |
| 18      Plaintiff, | |
| 19      v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 20  JOHN DOES 1-10 inclusive, d/b/a, <limetorrents.com>, | ***EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY TO** |
| 21  <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and | **CONFIRM DEFENDANTS' IDENTITIES AND LOCATIONS** |
| 22  <dotsemper.com>, *et al.*, | |
| 23      Defendants. | |

24

25

26

27

28

## **INTRODUCTION**

As the Court is aware, this case arises from the theft and online distribution of a copy of the motion picture "The Expendables 3" (the "Stolen Film") three weeks before its August 15, 2014 premiere.  As part of its diligent effort to prosecute this extraordinarily time-sensitive case, and to protect its invaluable intellectual property rights from the ongoing infringement, Lions Gate urgently requests that the Court grant it authority to serve subpoenas on third parties to confirm the true identities and locations of the defendants who operate the websites <billionuploads.com>, <hulkfile.eu> and <dotsemper.com> (collectively "Defendants") so that they can be served with legal process.[1]

As set forth in the papers supporting Lions Gate's *ex parte* application for the temporary restraining order issued by the Court on August 4, Defendants are willfully and maliciously causing Lions Gate irreparable harm by distributing, reproducing, performing and otherwise unlawfully aiding in the dissemination of copies of the Stolen Film through their websites.

Lions Gate has not yet been able to confirm the true identities and locations of Defendants, whose names and contact information are not available through the public WHOIS database.  However, Lions Gate has identified third parties from whom Defendants have purchased services related to their websites, who are likely to have accurate name, contact and billing information about Defendants.  Lions Gate respectfully and urgently requests authorization to serve subpoenas on these

---

[1] At this time, Lions Gate is not seeking subpoena authority with respect to the operators of <played.to>, <limetorrents.com> or <swankshare.com>.  Lions Gate is in contact with counsel for the operator of <played.to>.  The operators of <limetorrents.com> and <swankshare.com> have provided what might be valid name and contact information in the public WHOIS database.  Lions Gate is currently investigating whether that information is accurate, and will apply to the Court for subpoena authority with respect to those sites if that becomes necessary for Lions Gate to verify the identities and locations of those defendants.

1  third parties and others it identifies in the course of its investigation so that it can

2  locate and serve these Defendants with legal process.

3  <div align="center">**RELEVANT FACTS**</div>

4      **A.**    **Factual Background**

5        As alleged in Lions Gate's complaint, Defendants operate websites through

6  which they are distributing, reproducing, performing and otherwise unlawfully

7  aiding in the dissemination of copies of the Stolen Film in violation of Lions Gate's

8  exclusive rights.  In order to prosecute its case and to take appropriate steps to

9  enforce the Temporary Restraining Order entered by the Court, Lions Gate needs to

10  confirm Defendants' identities and locations.

11        Sometimes the names and locations of website operators can be found in the

12  public WHOIS database, which includes the (typically unverified) name and contact

13  information that the website operator provided to the domain name registrar the

14  operator used to register the domain name.   Operating these websites requires

15  Defendants to purchase services from various third party service providers.  These

16  include but are not limited to:  1) Registrars, who provide the service that allows

17  people to reserve Internet domain names; 2) Hosts, who provide server space on

18  which the content for a website is stored, and which provide users with access to the

19  content that the domain name registrant uploads to those servers; and 3) DNS Hosts,

20  who operate domain name servers that match alphanumeric Internet domain names

21  such as <billionuploads.com>, <hulkfile.eu> and <dotsemper.com> with the

22  numerical Internet Protocol Addresses ("IP Addresses") that identify the location of

23  those domain names so that a user's Internet browser or other software can locate

24  the appropriate website when the user navigates to a particular domain name.

25  Typically, these are paid services that require the website owner to provide the

26  service provider(s) with valid contact and billing information, including but not

27  limited to credit card account numbers, bank account numbers, and/or identifying

28  information from other payment processors such as PayPal.

1        When advertisements are served on a website, still more third parties become

2   involved, typically including (though not necessarily limited to) one or more

3   advertising service providers who contract with the website owner for the right to

4   display advertisements on the site, and pay the owner a percentage of the revenue

5   generated by the advertisements.

6        Based on publicly-available information published on sites such as

7   <domaintools.com> and <centralops.net>, Lions Gate has identified a number of the

8   third parties who have been directly or indirectly providing services to Defendants'

9   websites at issue in this lawsuit.  Lions Gate believes that these third parties are

10  likely to have accurate name and contact information for Defendants, or will be able

11  to direct Lions Gate to other third parties such as credit card companies or payment

12  processors who are likely to have such information.

13  **<u>\<billionuploads.com\></u>**

14       According to publicly-available information on <domaintools.com> and

15  <centralops.net>, Incapsula, Inc. and Cloudflare provide services related to the

16  operation of the <billionuploads.com> website, including services related to content

17  hosting and DNS hosting.  (Declaration of Christopher Varas ("Varas Decl.") Decl.,

18  Exhibit A.)  Lions Gate is continuing to investigate whether additional third parties

19  who provide services in connection with <billionuploads.com> can also be

20  identified using publicly-available information.

21  **<u>\<hulkfile.eu\></u>**

22       According to publicly-available information on <domaintools.com> and

23  <centralops.net>, Dynadot, LLC, Limestone Networks, Inc. and Click And Name

24  provide services related to the operation of the <hulkfile.eu> website, including

25  domain name registration, content hosting and DNS hosting services.  (Varas Decl.,

26  Exhibit B.)  Lions Gate also understands that advertisements served on

27  <hulkfile.eu> are generated by Google Inc.'s AdSense advertising program.  (*Id*., ¶

28  4.)  Lions Gate is continuing to investigate whether additional third parties who

1   provide services in connection with <hulkfile.eu> can also be identified using

2   publicly-available information.

3                              **<u>&lt;dotsemper.com&gt;</u>**

4          According to publicly-available information on <domaintools.com> and

5   <centralops.net>, GoDaddy.com, LLC and its related entity Domains By Proxy LLC

6   provide services related to the operation of the <dotsemper.com> website, including

7   domain name registration, privacy protection and DNS hosting services.  (Varas

8   Decl., Exhibit C.)  Lions Gate is continuing to investigate whether additional third

9   parties who provide services in connection with <dotsemper.com> can also be

10  identified using publicly-available information.

11                                 **<u>ARGUMENT</u>**

12         The Ninth Circuit permits discovery to determine the identity of unknown

13  defendants.  "Where the identity of alleged defendants will not be known prior to

14  the filing of a complaint[,] . . . the plaintiff should be given an opportunity through

15  discovery to identify the unknown defendants, unless it is clear that discovery would

16  not uncover the identities, or that the complaint would be dismissed on other

17  grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also*

18  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (relying on *Gillespie* in

19  reversing district court's dismissal of Doe complaint).

20         In *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal.

21  1999), the court outlined a four-part framework for a party's motion for leave to

22  conduct discovery to confirm the identities and locations of "Doe" defendants.  *Id.*

23  at 578-80.  The *Seescandy.com* framework requires that the moving party:  (1)

24  identify Defendants with enough specificity to allow the Court to determine whether

25  Defendants are real persons or entities who could be sued in federal court; (2)

26  recount the steps taken to locate Defendants; (3) show that its action could survive a

27  motion to dismiss; and (4) file a request for discovery with the Court identifying the

28  persons or entities on whom discovery process might be served.  *Id.*  Lions Gate

1    seeks expedited limited discovery in this case pursuant to the *Gillespie* rule and the

2    *Seescandy.com* framework.

### A. Defendants Are Real Persons or Entities

4    Defendants are real individuals or entities who are using the websites alleged

5    in Lions Gate's complaint to unlawfully distribute, reproduce, perform and

6    otherwise unlawfully aid in the dissemination of copies of the Stolen Film in

7    flagrant violation of Lions Gate's exclusive rights and federal law, and against

8    whom the Court has already entered a temporary restraining order and order to show

9    cause.

### B. Lions Gate has Taken Steps to Identify Defendants

11    Since discovering Defendants' infringement, Lions Gate has tried to identify

12    them by reviewing and analyzing publicly available information about their

13    websites, including the websites themselves and information available through the

14    WHOIS database.  Lions Gate has not located publicly available information that

15    identifies Defendants at issue in this motion or their locations.  Lions Gate believes

16    that the third parties who provide services in connection with their websites are

17    likely to have accurate name and contact information for them, or to have

18    information about other third parties such as credit card companies or other payment

19    processors who are likely to have such information.

### C. Lions Gate's Action can Withstand a Motion to Dismiss

21    The third *Seescandy.com* factor requires Lions Gate to establish, to the

22    Court's satisfaction, that its action against Defendants can withstand a motion to

23    dismiss.  *Seescandy.com*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642).

24    More specifically, Lions Gate "must make some showing that an act giving rise to

25    civil liability actually occurred and that the discovery is aimed at revealing specific

26    identifying features of the person or entity who committed that act."  *Id.*

27    Lions Gate's action meets this requirement because Defendants have

28    committed clear and flagrant copyright infringement, and the Court has already

1    issued a temporary restraining order and order to show cause against them.

2        **D.    Limited Discovery Directed Toward Specific Third Parties Will**

3                **Likely Allow Lions Gate to Identify and Serve Defendants.**

4          The final *Seescandy.com* factor requires Lions Gate to support its request for

5    discovery with reasons justifying the specific discovery requested, as well as

6    identification of a limited number of persons or entities on whom discovery process

7    might be served.  *Seescandy.com*, 185 F.R.D. at 580 (citing *Gillespie*, 629 F.2d at

8    642).  Lions Gate must demonstrate that "there is a reasonable likelihood that the

9    discovery process will lead to identifying information about Defendants that would

10   make service of process possible."  *Id.*

11         The discovery Lions Gate is seeking is specifically aimed at identifying

12   Defendants using the existing business records of companies that have provided

13   services to Defendants.  The business records Lions Gate proposes to subpoena

14   include billing records, website content, server logs (which, among other things, are

15   likely to contain IP Addresses that help to confirm Defendants' locations), and

16   correspondence with Defendants.  Such discovery will likely allow Lions Gate to

17   identify and name Defendants, who are likely to have provided those entities with at

18   least some accurate name and contact information attendant to the services those

19   entities provide.

20         The contemporaneous issuing of subpoenas to multiple entities will also help

21   Lions Gate to determine whether the information it receives from any one of these

22   third parties is likely to be genuine, or if Defendants have sought to conceal their

23   identities by providing these third parties with false, mismatched personal and

24   billing information.

25         Lions Gate also recognizes that the entities it has identified to date may be

26   only the first step in an investigation that requires the issuance of subpoenas to other

27   third parties that Lions Gate has yet to identify.  For example, if Lions Gate learns

28   that one or more of Defendants operates additional websites that utilize different

service providers than the websites at issue in Lions Gate's complaint, subpoenas to those service providers will also be likely to provide billing and contact information that will help Lions Gate discern Defendants' true identities and locations.

By way of further example, it is possible that Defendants may have given their service providers false personal information but arranged for payment through a third party such as PayPal, Inc. ("PayPal"), which transmits payments using email addresses that are in most cases linked to verified name, contact and bank information.  If a subpoena to a third party Lions Gate has already identified reveals that one or more of Defendants are using PayPal or another payment processor to make and/or accept payments, a follow-up subpoena to that payment processor will be likely to reveal reliable information about Defendants' identities and locations.

Based on the foregoing, Lions Gate requests authority to issue additional subpoenas as necessary based on new information it learns in the course of its ongoing analysis of publicly-available information about Defendants and/or based on information provided in response to its subpoenas.

Allowing time for Lions Gate to analyze the information received from each subpoena it sends, and to issue multiple rounds of subpoenas if necessary, and assuming timely responses to its subpoenas, Lions Gate expects that it will be able to complete third party discovery and undertake appropriate efforts to perfect service on Defendants within 120 days of the date the Court authorizes Lions Gate to proceed with third party discovery.

**E.    Lions Gate has Served Notice of this Application and *ex parte* Relief Is Appropriate.**

Lions Gate has provided all parties to this case with notice of this application as stated in the Varas Declaration.  Lions Gate will also shortly file a proof of service confirming that it served all of the defendants with conformed copies of Lions Gate's application and supporting documents at the email and physical addresses specified in the Court's Temporary Restraining Order.

1    To date, the only defendant who has contacted Lions Gate's counsel

2    regarding this lawsuit is the operator of <played.to>, which is not at issue in this

3    application.  (Varas Decl., ¶¶ 6, 7.)  That defendant contacted Lions Gate through

4    counsel, whose name and contact information is:

5
                            John Arsenault
                         Wessels & Arsenault LLC
6                     1333 West 120th Avenue Suite 219
                         Westminster, CO 80234-2713
7                             (303) 459-7898
                    John.arsenault@frontrangelegalservices.com
8
     Mr. Arsenault received oral notice of this application in a voice-to-voice
9
     conversation at approximately 4:00 p.m. Pacific Daylight Time on August 5.  (Varas
10
     Decl., ¶ 6.)
11
12    Given the irreparable harm caused by Defendants' infringement and

13   Defendants' ongoing failure to respond to the notices that Lions Gate has served on

14   them to date or otherwise participate in this action, Lions Gate submits that *ex parte*

     relief on the terms specified in Lions Gate's proposed order is appropriate.
15
                              **CONCLUSION**
16
17    For the foregoing reasons, Lions Gate respectfully requests that the Court

18   grant its *ex parte* application and enter the proposed order submitted herewith.

19

20   DATED:  August 5, 2014          Respectfully submitted,

21                                   KILPATRICK TOWNSEND & STOCKTON
                                     LLP
22

23                                   By:    /s/ Dennis L. Wilson
                                         DENNIS L. WILSON
24

25                                   Attorneys for Plaintiff
                                     Lions Gate Films Inc.
26

27

28