KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (State Bar No. 129668)
LMcFarland@kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
DWilson@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:  310-248-3830
Facsimile:   310-860-0363

JOSEPH PETERSEN (*pro hac vice* motion forthcoming)
JPetersen@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone:  212-775-8700
Facsimile:  212-775-8800

Attorneys for Plaintiff
LIONS GATE FILMS INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| LIONS GATE FILMS INC., | Case No. 2:14-cv-06033-MMM-AGR |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY TO CONFIRM DEFENDANTS' IDENTITIES AND LOCATIONS** |
| JOHN DOES 1-10 inclusive, d/b/a, <limetorrents.com>, <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and <dotsemper.com>, *et al*., | |
| Defendants. | |

# I.     __INTRODUCTION__

As the Court is aware, this case arises from the theft and online distribution of a copy of the motion picture "The Expendables 3" (the "Stolen Film") three weeks before its August 15, 2014 premiere.  As part of its diligent effort to prosecute this extraordinarily time-sensitive case, and to protect its invaluable intellectual property rights from the ongoing infringement, Lions Gate urgently requests that the Court grant it authority to serve subpoenas on third parties to confirm the true identity and location of the defendant(s) who operate the website <limetorrents.com> ("Defendants") so that they can be served with legal process.

As set forth in the papers Lions Gate has filed with the Court and in the Court's Findings of Fact and Conclusions of Law supporting the Preliminary Injunction issued on August 8, 2014 (collectively the "Findings and Preliminary Injunction"), Defendants are willfully and maliciously causing Lions Gate irreparable harm by distributing, reproducing, performing and otherwise unlawfully aiding in the dissemination of copies of the Stolen Film through its website.

Lions Gate has not yet been able to confirm the true identity and location of Defendant.  While Defendant provided what might be valid name and contact information in the public WHOIS database (and thus was not included in Lions Gate's prior *ex parte* Application for Expedited Discovery (the "Prior Application") which the Court granted on August 6), Lions Gate has not been able to confirm the validity of that information.  However, Lions Gate has identified third parties from whom Defendants have purchased services related to their websites, who are likely to have accurate name, contact and billing information about Defendants.  Lions Gate respectfully and urgently requests authorization to serve subpoenas on these third parties and others it identifies in the course of its investigation so that it can locate and serve Defendants with legal process.

/ / /

/ / /

## II.   **RELEVANT FACTS**

### A.   **Factual Background**

As alleged in Lions Gate's complaint and further set forth in the Findings and Preliminary Injunction, Defendants are aiding in the unlawful dissemination of copies of the Stolen Film in violation of Lions Gate's exclusive rights.  In order to prosecute its case and to take appropriate steps to enforce the Preliminary Injunction entered by the Court, Lions Gate needs to confirm Defendants' identities and locations.

As discussed in Lions Gate's Prior Application, operating the <limetorrents.com> website requires Defendant to purchase services from various third party service providers.  These include but are not limited to:  1) Registrars, who provide the service that allows people to reserve Internet domain names; 2) Hosts, who provide server space on which the content for a website is stored, and which provide users with access to the content that the domain name registrant uploads to those servers; and 3) DNS Hosts, who operate domain name servers that match alphanumeric Internet domain names such as <limetorrents.com> with the numerical Internet Protocol Addresses ("IP Addresses") that identify the location of those domain names so that a user's Internet browser or other software can locate the appropriate website when the user navigates to a particular domain name. Typically, these are paid services that require the website owner to provide the service provider(s) with valid contact and billing information, including but not limited to credit card account numbers, bank account numbers, and/or identifying information from other payment processors such as PayPal.

Based on publicly-available information published on sites such as <domaintools.com> and <centralops.net>, Lions Gate has identified two of the third parties who have been providing services to Defendants.  Lions Gate believes that these third parties are likely to have accurate name and contact information for Defendants, or will be able to direct Lions Gate to other third parties such as credit

1 card companies or payment processors who are likely to have such information.

2      According to publicly-available information on <domaintools.com> and

3 <centralops.net>, Enom, Inc. and Cloudflare, Inc. provide services related to the

4 operation of the <limetorrents.com> website as well as the website

5 <limetorrents.net> which is substantially the same as <limetorrents.com>, was

6 registered using the same registrant name, address, and email address as

7 <limetorrents.com>.  (Declaration of Christopher Varas ("Varas Decl.") Decl., ¶ 2,

8 Exhibit E.)  Lions Gate is continuing to investigate whether additional third parties

9 who provide services in connection with these websites (collectively the "Infringing

10 Websites") can also be identified using publicly-available information.

11 **III.**   **ARGUMENT**

12      The Ninth Circuit permits discovery to determine the identity of unknown

13 defendants.  "Where the identity of alleged defendants will not be known prior to

14 the filing of a complaint[,] . . . the plaintiff should be given an opportunity through

15 discovery to identify the unknown defendants, unless it is clear that discovery would

16 not uncover the identities, or that the complaint would be dismissed on other

17 grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also*

18 *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (relying on *Gillespie* in

19 reversing district court's dismissal of Doe complaint).

20      In *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal.

21 1999), the court outlined a four-part framework for a party's motion for leave to

22 conduct discovery to confirm the identities and locations of "Doe" defendants.  *Id.*

23 at 578-80.  The *Seescandy.com* framework requires that the moving party:  (1)

24 identify Defendants with enough specificity to allow the Court to determine whether

25 Defendants are real persons or entities who could be sued in federal court; (2)

26 recount the steps taken to locate Defendants; (3) show that its action could survive a

27 motion to dismiss; and (4) file a request for discovery with the Court identifying the

28 persons or entities on whom discovery process might be served.  *Id.*  Lions Gate

1   seeks expedited limited discovery in this case pursuant to the *Gillespie* rule and the
2   *Seescandy.com* framework.

3   **A.   Defendants are Real Persons or Entities**

4   Defendants are real individuals or entities who are using the Infringing
5   Websites to unlawfully distribute, reproduce, perform and otherwise unlawfully aid
6   in the dissemination of copies of the Stolen Film in flagrant violation of Lions
7   Gate's exclusive rights and federal law, and against whom the Court has already
8   entered a temporary restraining order and preliminary injunction.

9   **B.   Lions Gate has Taken Steps to Identify Defendants**

10   Since discovering Defendants' infringement, Lions Gate has tried to identify
11   them by reviewing and analyzing publicly available information about the Infringing
12   Websites, including the websites themselves and information available through the
13   WHOIS database, and by attempting to independently verify whether the registrant
14   information in the WHOIS database is accurate.  Despite these efforts, Lions Gate
15   has not been able to confirm Defendants' true identities and locations.  Lions Gate
16   believes that the third parties who provide services in connection with the Infringing
17   Websites are likely to have accurate name and contact information for them, or to
18   have information about other third parties such as credit card companies or other
19   payment processors who are likely to have such information.

20   **C.   Lions Gate's Action Can Withstand a Motion to Dismiss**

21   The third *Seescandy.com* factor requires Lions Gate to establish, to the
22   Court's satisfaction, that its action against Defendant can withstand a motion to
23   dismiss.  *Seescandy.com*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642).
24   More specifically, Lions Gate "must make some showing that an act giving rise to
25   civil liability actually occurred and that the discovery is aimed at revealing specific
26   identifying features of the person or entity who committed that act."  *Id.*
27   Lions Gate's action meets this requirement because Defendants have
28   committed clear and flagrant copyright infringement, and the Court has already

1    issued both a temporary restraining order and a preliminary injunction against them.

2    **D.      Limited Discovery Directed Toward Specific Third Parties Will**
3    **Likely Allow Lions Gate to Identify and Serve Defendants.**

4    The final *Seescandy.com* factor requires Lions Gate to support its request for
5    discovery with reasons justifying the specific discovery requested, as well as
6    identification of a limited number of persons or entities on whom discovery process
7    might be served. *Seescandy.com*, 185 F.R.D. at 580 (citing *Gillespie*, 629 F.2d at
8    642). Lions Gate must demonstrate that "there is a reasonable likelihood that the
9    discovery process will lead to identifying information about Defendants that would
10   make service of process possible." *Id.*

11   The discovery Lions Gate is seeking is specifically aimed at identifying
12   Defendants using the existing business records of companies that have provided
13   services to Defendants.  The business records Lions Gate proposes to subpoena
14   include billing records, website content, server logs (which, among other things, are
15   likely to contain IP Addresses that help to confirm Defendants' location(s)), and
16   correspondence with Defendants.  Such discovery will likely allow Lions Gate to
17   identify, name and serve Defendants, who are likely to have provided those entities
18   with at least some accurate name and contact information attendant to the services
19   those entities provide.

20   The contemporaneous issuing of subpoenas to multiple entities will also help
21   Lions Gate to determine whether the information it receives from any one of these
22   third parties is likely to be genuine, or if Defendants have sought to conceal their
23   identities by providing these third parties with false, mismatched personal and
24   billing information.

25   Lions Gate also recognizes that the entities it has identified to date may be
26   only the first step in an investigation that requires the issuance of subpoenas to other
27   third parties that Lions Gate has yet to identify.  For example, if Lions Gate learns
28   that Defendant operates additional websites that utilize different service providers

than the website at issue in Lions Gate's complaint, subpoenas to those service providers will also be likely to provide billing and contact information that will help Lions Gate discern Defendant's true identity and location.

By way of further example, it is possible that Defendant may have given its service providers false personal information but arranged for payment through a third party such as PayPal, Inc. ("PayPal"), which transmits payments using email addresses that are in most cases linked to verified name, contact and bank information.  If a subpoena to a third party Lions Gate has already identified reveals that Defendant is using PayPal or another payment processor to make and/or accept payments, a follow-up subpoena to that payment processor will be likely to reveal reliable information about Defendant's identity and location.

Based on the foregoing, Lions Gate anticipates that it may need to apply to the Court for authority to issue follow-up subpoenas to additional third parties who may be identified in documents produced in response to Lions Gate's initial subpoenas.

Allowing time for Lions Gate to analyze the information received from each subpoena it sends, and to obtain authority to issue multiple rounds of subpoenas if necessary, and assuming timely responses to its subpoenas, Lions Gate expects that it will be able to complete third party discovery and undertake appropriate efforts to perfect service on Defendant within 120 days of the date the Court authorizes Lions Gate to proceed with third party discovery.

### E.   Lions Gate has Served Notice of this Application and *ex parte* Relief Is Appropriate.

Lions Gate has provided all parties to this case with notice of this application as stated in the Varas Declaration and the proof of service filed concurrently herewith.

To date, the only defendant who has contacted Lions Gate's counsel regarding this lawsuit is the operator of <played.to>, which is not at issue in this

1  application.  (Varas Decl., ¶¶ 3, 4.)  That defendant contacted Lions Gate through

2  counsel, whose name and contact information is:

3                    John Arsenault
                 Wessels & Arsenault LLC
4           1333 West 120th Avenue Suite 219
               Westminster, CO 80234-2713
5                    (303) 459-7898
           John.arsenault@frontrangelegalservices.com
6
   Mr. Arsenault received oral notice of this application in a voice-to-voice
7
   conversation at approximately 1:00 p.m. Pacific Daylight Time on August 12.
8
   (Varas Decl., ¶ 3.)
9
            Given the irreparable harm caused by Defendants' infringement and their
10
   ongoing failure to respond to the notices that Lions Gate has served on them to date
11
   or otherwise participate in this action, Lions Gate submits that *ex parte* relief on the
12
   terms specified in Lions Gate's proposed order is appropriate.
13
   **IV.    CONCLUSION**
14
            For the foregoing reasons, Lions Gate respectfully requests that the Court
15
   grant its *ex parte* application and enter the proposed order submitted herewith.
16

17
   DATED:  August 12, 2014          Respectfully submitted,
18
                                     KILPATRICK TOWNSEND & STOCKTON
19                                   LLP

20

21                                   By:    /s/ Dennis L. Wilson
                                            DENNIS L. WILSON
22
                                     Attorneys for Plaintiff
23                                   Lions Gate Films Inc.

24

25

26

27

28

1

<u>PROOF OF SERVICE</u>

2
3
4
5

I, the undersigned say, I am and was at all times herein mentioned a resident of the County of Los Angeles, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212 and I am employed in the offices of Kilpatrick Townsend & Stockton LLP by a member of the Bar of this Court at whose direction the service mentioned herein below was made.

6

On August 12, 2014, I served the following document(s):

7
8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR EXPEDITED DISCOVERY TO CONFIRM DEFENDANT'S IDENTITY AND LOCATION**

9
10

upon *defendants* in this action by means of electronic delivery to the following email addresses:

11
12
13
14
15

kof_javed@hotmail.com;
dmca@billionuploads.com;
admin@billionuploads.com;
abuse@hulkfile.com;
John.arsenault@frontrangelegalservices.com
swankshare@gmail.com;
DOTSEMPER.COM@domainsbyproxy.com
freshwap@hotmail.com
quasi-mundo@hotmail.com

16
17

As of the filing of this declaration, I have not received any electronic message or other indication that the transmissions were unsuccessful.

18
19
20

Also on August 12, 2014, I caused an envelope containing a true copy of the above documents, with postage thereon fully prepaid, to be placed in the United States mail at Beverly Hills, California, for international service upon the below-referenced defendants with addresses as follows:

21
22
23

Lucas Lim d/b/a <swankshare.com>
Blk 812 Tampines Ave. 4
#06-219
Singapore 520812
Singapore

24
25
26
27

Muhammad Javed Ashraf d/b/a <limetorrents.com>
Iwebspro
428-N, Samanabad
Lahore
Punjab 54700
Pakistan

28

| John Arsenault<br>Wessels & Arsenault LLC<br>1333 West 120th Avenue Suite 219<br>Westminster, CO 80234-2713 | Counsel for dmca@played.to |
|---|---|

I am readily familiar with the practice of Kilpatrick Townsend & Stockton LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 12, 2014 at Beverly Hills, California.

Patricia Cloutier