KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (State Bar No. 129668)
LMcFarland@kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
DWilson@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:  310-248-3830
Facsimile:  310-860-0363

JOSEPH PETERSEN (admitted *pro hac vice*)
JPetersen@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: 212-775-8700
Facsimile: 212-775-8800

Attorneys for Plaintiff
LIONS GATE FILMS INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LIONS GATE FILMS INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-10 inclusive, d/b/a, &lt;limetorrents.com&gt;, &lt;billionuploads.com&gt;, &lt;hulkfile.eu&gt; &lt;played.to&gt;, &lt;swankshare.com&gt; and &lt;dotsemper.com&gt;, *et al.*, <br><br> Defendants. | Case No. 2:14-cv-06033-MMM-AGR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER EXPLICITLY CONFIRMING THAT THE COURT'S PRELIMINARY INJUNCTION APPLIES TO ADDITIONAL INFRINGING WEBSITES** |

## I. INTRODUCTION

As the Court is aware, this case arises from the theft and online distribution of a copy of the motion picture "*The Expendables 3*" (the "Stolen Film") three weeks before its August 15, 2014 premiere. The Court previously entered Findings of Fact and Conclusions of Law determining that Lions Gate Films Inc. ("Lions Gate") had satisfied the requirements for a preliminary injunction, and entered the Preliminary Injunction that remains in effect. (Dkt. No. 28.)

Lions Gate has discovered two additional websites being operated by one or more of Defendants in this case that are currently being used to disseminate infringing copies of the Film. Although such ongoing infringement already violates the terms of the Court's Preliminary Injunction (which applied to the defendants themselves, not simply the specific websites specified in the Preliminary Injunction), Lions Gate respectfully requests that the Court enter an order confirming that the Preliminary Injunction explicitly applies to those sites.

## II. RELEVANT FACTS

As this Court has previously found, Defendants operate websites through which they have distributed, reproduced, performed and otherwise unlawfully aided in the dissemination of copies of the Stolen Film in violation of Lions Gate's exclusive rights. (*See generally* Findings of Fact and Conclusions of Law (Dkt. No. 27) and Preliminary Injunction (Dkt. No. 28).) In particular, one or more of Defendants operate a website at the domain name <limetorrents.com>. (Dkt. No. 27, Findings of Fact ¶ 20.) The Court also properly found that such infringement of its rights causes Lions Gate to suffer irreparable harm. (*Id.*, Conclusions of Law ¶ 9.)

Lions Gate has discovered that torrent files used to disseminate infringing copies of the Film are currently available on the websites <limetorrents.net> and <torrentdownload.biz>. (Declaration of Edward Cho, submitted herewith ("Cho Decl."), ¶ 5, Exh. A.) These websites were registered using substantially the same

registrant information as <limetorrents.com>, including the email address kof_javed@hotmail.com. (*See* Declaration of Christopher Varas, submitted herewith ("Varas Decl."), ¶ 3, Exh. A; Supplemental Declaration of Christopher Varas (Dkt. No. 15), ¶ 7, Exh. A.)

### III. ARGUMENT

#### A. Lions Gate's Requested Relief is Appropriate.

The Court's Preliminary Injunction explicitly enjoined Defendants and all other persons who are in active concert or participation with them from infringing Lions Gate's rights in the Film, and was not limited to the specific websites alleged in Lions Gate's complaint. (*See* Dkt. No. 28, ¶ 1.) The Court also contemplated that Lions Gate could apply to the Court to explicitly include additional infringing websites in the Preliminary Injunction, which among other things confirms the Court's finding that Lions Gate has shown that such additional websites are being operated by the enjoined Defendants and are being used to infringe Lions Gate's rights. (*See* Dkt. No. 28, ¶ 5.) Such modifications to the express language of the Preliminary Injunction are within the Court's discretion. *See* 17 U.S.C. § 502(a); Fed.R.Civ.P. 65(d)(2).

Lions Gate has presented evidence that the defendant(s) who registered and operate <limetorrents.com> also registered and operate <limetorrents.net> and <torrentdownload.biz>. Specifically, the evidence shows that <limetorrents.com>, <limetorrents.net> and <torrentdownload.biz> were all registered using the same email address and substantially the same registrant name and contact information. Lions Gate submits that this evidence is more than sufficient to establish that the defendant(s) who operate <limetorrents.com> also operate <limetorrents.net> and <torrentdownload.biz>.

Lions Gate has also presented evidence in the Declaration of Edward Cho that both <limetorrents.net> and <torrentdownload.biz> are hosting the same types of torrent files that allow users to download (and upload) infringing copies of the Film

as <limetorrents.com>. (*See* Cho Decl., ¶¶ 5-6, Exh. A.)

Accordingly, Lions Gate respectfully submits that the Court should enter an order confirming that the Preliminary Injunction applies to both <limetorrents.net> and <torrentdownload.biz>, and that this order does not in any way limit the scope of the Preliminary Injunction.

### B. Lions Gate has Served Notice of this Application and *ex parte* Relief Is Appropriate.

Lions Gate has provided all parties to this case with notice of this application as stated in the Varas Declaration and the proof of service filed herewith.

To date, the only defendant who has retained counsel is the operator of <played.to>, which is not at issue in this application. That defendant contacted Lions Gate through counsel, whose name and contact information is:

> John Arsenault
> Wessels & Arsenault LLC
> 1333 West 120th Avenue Suite 219
> Westminster, CO 80234-2713
> (303) 459-7898
> John.arsenault@frontrangelegalservices.com

Mr. Arsenault received oral notice of this application in a voice-to-voice conversation at approximately 1:45 p.m. Pacific Daylight Time on September 15, 2014. (Varas Decl., ¶ 4.)

Given the irreparable harm caused by the ongoing infringement via <limetorrents.net> and <torrentdownload.biz> and the failure of the defendant(s) who operate those sites to participate in this action or cease their infringement following entry of the Preliminary Injunction, Lions Gate submits that *ex parte* relief on the terms specified in Lions Gate's proposed order is appropriate.

//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, Lions Gate respectfully requests that the Court grant its *ex parte* application and enter the proposed order submitted herewith.

DATED: September 16, 2014  Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Dennis L. Wilson
DENNIS L. WILSON

Attorneys for Plaintiff
Lions Gate Films Inc.

## PROOF OF SERVICE

I, the undersigned say, I am and was at all times herein mentioned a resident of the County of Los Angeles, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212 and I am employed in the offices of Kilpatrick Townsend & Stockton LLP by a member of the Bar of this Court at whose direction the service mentioned herein below was made.

On September 16, 2014, I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER EXPLICITLY CONFIRMING THAT THE COURT'S PRELIMINARY INJUNCTION APPLIES TO ADDITIONAL INFRINGING WEBSITES**

upon *defendants* in this action by means of electronic delivery to the following email addresses:

kof_javed@hotmail.com;
dmca@billionuploads.com;
admin@billionuploads.com;
abuse@hulkfile.com;
John.arsenault@frontrangelegalservices.com
swankshare@gmail.com;
DOTSEMPER.COM@domainsbyproxy.com
freshwap@hotmail.com
quasi-mundo@hotmail.com

As of the filing of this declaration, I have not received any electronic message or other indication that the transmissions were unsuccessful.

Also on September 16, 2014, I caused an envelope containing a true copy of the above documents, with postage thereon fully prepaid, to be placed in the United States mail at Beverly Hills, California, for international service upon the below-referenced defendants with addresses as follows:

Lucas Lim d/b/a <swankshare.com>
Blk 812 Tampines Ave. 4
#06-219
Singapore 520812
Singapore

Muhammad Javed Ashraf d/b/a <limetorrents.com>
Iwebspro
428-N, Samanabad
Lahore
Punjab 54700
Pakistan

| | |
|---|---|
| John Arsenault<br>Wessels & Arsenault LLC<br>1333 West 120th Avenue Suite 219<br>Westminster, CO 80234-2713 | Counsel for dmca@played.to |

I am readily familiar with the practice of Kilpatrick Townsend & Stockton LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 16, 2014 at Beverly Hills, California.

_____
Patricia Cloutier

- 2 -