KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (State Bar No. 129668)
LMcFarland@kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
DWilson@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone: 310-248-3830
Facsimile: 310-860-0363

JOSEPH PETERSEN (admitted *pro hac vice*)
JPetersen@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: 212-775-8700
Facsimile: 212-775-8800

Attorneys for Plaintiff
LIONS GATE FILMS INC.

*COURTESY COPY*

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| LIONS GATE FILMS INC., | Case No. 2:14-cv-06033-MMM-AGR |
| Plaintiff, | |
| v. | [PROPOSED] PROTECTIVE ORDER |
| JOHN DOES 1-10 inclusive, d/b/a, <limetorrents.com>, <billionuploads.com>, <hulkfile.eu> <played.to>, <swankshare.com> and <dotsemper.com>, *et al.*, | |
| Defendants. | |

NOTE CHANGES MADE BY THE COURT.

Case 2:14-cv-06033-ODW-AGR   Document 44   Filed 10/23/14   Page 2 of 16   Page ID #:787
Case 2:14-cv-06033-MMM-AGR   Document 40-4   Filed 09/24/14   Page 2 of 16   Page ID #:759

# INTRODUCTION

1. *Applicability.* The confidentiality provisions of this Order shall apply to all depositions, deposition transcripts, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules, ~~as well as testimony adduced at trial, matters in evidence, and any other information that a disclosing party may designate as Confidential Information or Confidential – Attorney's Eyes Only in connection with this action.~~

[Ack]

2. *Third parties.* The terms "disclosing party" and "producing party" encompass not only the parties to this action but third parties who may disclose or produce information, *e.g.*, in response to a subpoena.

# DEFINITIONS

3. *"Confidential Information"* and *"Confidential – Attorney's Eyes Only"* (collectively *"Covered Information"*) means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise:

    (a)   which is designated as such by the producing party; and

    (b)   which constitutes or contains a trade secret or other confidential research, development, business transactions, or commercial information; and

    (c)   the disclosure of which information is likely to have the effect of harming the competitive position of the producing party; or the disclosure of which information would violate an obligation of confidentiality to a third person, including a court.

4. *Examples of Covered Information.* In appropriate circumstances, Covered Information might include, by way of example but not of limitation, trade secrets, business plans, operations, research, technical or developmental information,

know-how or apparatus, customer information, customer lists, contact lists, supplier lists, independent contractor lists, or the production, marketing, sales, shipments, purchases, transfers, identification of customers, inventories, or amount or source of any income, profits, losses, or expenditures of the producing party.

5. *Exceptions to confidentiality status.* Information will not be deemed Covered Information, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

    (a)    is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, easily available to the public through publication or otherwise; or

    (b)    is already, through no wrongful act or failure to act, in the possession of the receiving party at the time of production.

6. *"Other law firm attorneys"* means attorneys (*i.e.*, members in good standing of the bar of the highest court of any state or of any federal district court) who are members or employees of the law firms of the outside attorneys of record for any party but who are not themselves of record and who have signed a document in substantially the form of **Exhibit A** attached hereto.

7. *"Law Firm Personnel"* means (i) regular full- or part-time employees of the law firms of the outside attorneys of record for any party; and (ii) non-employee clerical personnel engaged by such law firms on a contract basis (*e.g.*, data clerks) who have signed a document in substantially the form of **Exhibit A** attached hereto; to whom it is necessary that the confidential information in question be disclosed for purposes of any dispute between parties to this lawsuit.

8. *"Outside consultants/experts"* means persons who are not employed by the receiving party and who are retained by a party or its attorneys of record in this litigation for the purpose of assisting in preparation of this litigation for trial, such as accountants, statisticians, economists, technical consultants or other technical experts, who have signed a document in substantially the form of **Exhibit A** attached hereto.

[PROPOSED] PROTECTIVE ORDER  
CASE NO. 2:14-CV-06033-MMM-AGR

-2-

9. *"Service bureau"* means a company that:

(a) is independent of the parties, but a company will not be deemed non-independent solely because it does business, regularly or sporadically, with a party;

(b) is engaged by counsel of record to perform clerical-type services in connection with this litigation, *e.g.*, photocopying, imaging, computer data entry, and the like, or jury consultation services; and

(c) has executed an undertaking to be bound by the provisions of this Order in substantially the form of **Exhibit A** attached hereto, including the specific undertaking to have its employees who have access to Covered Information sign a document in substantially the form of **Exhibit A** attached hereto agreeing not to use or disclose such information.

10. *"Other qualified person"* means any other person (a) who is so designated (i) by order of the court after notice and an opportunity to be heard to all affected parties, or (ii) by agreement of the producing party, and (b) who has signed a document in substantially the form of **Exhibit A** attached hereto.

11. *"Qualified persons"* as to Confidential Information means persons who have signed a document in substantially the form of **Exhibit A** attached hereto and includes the following persons identified in this paragraph (except that the Court, Court personnel and counsel of record for any party and their personnel shall not be required to sign such document):

(a) the Court and its officers, reporters and personnel;

(b) counsel of record for any party and their personnel;

(c) other law firm attorneys and their personnel;

(d) in-house counsel and their staff and paralegals;

(e) service bureaus, subject to the provisions of paragraph 9;

(f) outside consultants/experts for plaintiff and outside consultants/experts for each defendant, with prior notice to each producing party as detailed in paragraph 20;

(g) other qualified persons, as to the information they are so designated qualified, pursuant to paragraph 10;

(h) individual parties, and those officers, directors or employees of the corporate parties to this litigation, including their parents, subsidiaries, affiliates and insurers, who are reasonably necessary to assist counsel in this litigation;

(i) any person identified on the face of any such Confidential Information as an author or recipient thereof, or any person who is determined to have been an author and/or previous recipient of the material designated as Confidential Information, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt by such person of the material designated as Confidential Information;

(j) any witness at any deposition or other proceeding in this action, during the course of their testimony, whom counsel for a party legitimately believes has knowledge of the contents of the Confidential Information or the specific events, transactions, discussions, or data reflected in the Confidential Information, and upon the witness being advised of the need and agreeing to preserve the confidentiality of the Confidential Information; and

(k) mediators.

12. *"Qualified Persons"* as to Confidential – Attorney's Eyes Only means persons who have signed a document in substantially the form of **Exhibit A** attached hereto and includes the following persons identified in this paragraph (except that the court, court personnel and counsel of record shall not be required to sign such document):

(a) the Court and its officers, reporters and personnel;

(b) counsel of record for any party and their personnel;

  (c) other law firm attorneys and their personnel;

  (d) outside consultants/experts for plaintiff and outside consultants/experts for defendant, with prior notice to each producing party as detailed in paragraph 20;

  (e) any person identified on the face of any such material designated as Confidential – Attorney's Eyes Only as an author or recipient thereto, or any person who is determined to have been an author and/or previous recipient of the material designated as Confidential – Attorney's Eyes Only, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt by such person of the material designated as Confidential – Attorney's Eyes Only; and

  (f) mediators.

### DESIGNATION AND IDENTIFICATION OF INFORMATION

13. *Labeling of documents.* Information being designated as Covered Information that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its designation as Confidential, or Confidential – Attorney's Eyes Only, as appropriate. If the documents are produced in the form of electronic of magnetic media, the producing source shall place a stamp, label or other clear designation on the disc or tape containing the Covered Information.

14. *Designation of other disclosures.* Information being designated as Covered Information that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the disclosing party in a writing provided to the receiving party at the time of production.

15. *Preliminary designation of documents being inspected.* If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been

1  marked "Confidential – Attorney's Eyes Only." Thereafter, on selection of specified
2  documents for copying by the inspecting party, the producing party shall mark either
3  the original documents or the copies of such documents as may contain Covered
4  Information with the appropriate confidentiality marking at the time the copies are
5  produced to the inspecting party.

6      16. *Designation not determinative.* Designation of documents or other
7  specified information as Covered Information by counsel, or receipt of documents or
8  information so designated, shall not be considered as determinative of whether the
9  contents of the documents or the information specified are entitled to be deemed as
10 such.

11     17. *Challenges to confidentiality designations.* A party shall not be
12 obligated to challenge the propriety of a designation of information as Covered
13 Information at the time made, and failure to do so shall not preclude a subsequent
14 challenge thereto. For all such disputes, if any, the parties shall proceed pursuant to
15 Local Rule 37. The burden of proving that the information has been properly
16 designated as Covered Information is on the party making such designation.

17     18. *Designation of deposition testimony.* The following procedures shall be
18 followed if Covered Information of a producing party is discussed or disclosed in a
19 deposition:

20     (a) The producing party shall have the right to exclude from attendance at
21         the deposition, during such time as the Covered Information is to be
22         discussed or disclosed, any person other than the deponent, the court
23         reporter, and qualified persons. For the avoidance of doubt, the
24         deponent must be a qualified person who has signed a document in
25         substantially the form of **Exhibit A** or **Exhibit B** attached hereto.
26     (b) The Covered Information shall be designated as Confidential or
27         Confidential – Attorney's Eyes Only at the request of counsel for the
28         producing party (or, if the producing party is not a party to the action and

|   |   |   |
|---|---|---|
| 1 |     | is not represented at the deposition, at the request of counsel for the |
| 2 |     | party disclosing the information or questioning the witness about it). |
| 3 | (c) | If a request under subparagraph (b) is made on the record during the |
| 4 |     | deposition, the reporter shall indicate on the cover page of the transcript |
| 5 |     | that the transcript contains Covered Information and additionally shall |
| 6 |     | list the pages and line numbers of the transcript on which the |
| 7 |     | information in question is contained. If the deposition is recorded on |
| 8 |     | video, the designation shall also be placed on the DVD, CD-ROM, |
| 9 |     | videocassette or other video recording container. Counsel retaining |
| 10 |    | personnel to make the video recording shall have the responsibility for |
| 11 |    | ensuring their compliance with this subparagraph. |
| 12 | (d) | Alternatively, a request under subparagraph (b) may be made in writing |
| 13 |    | within thirty (30) days after the requesting counsel receives a copy of the |
| 14 |    | transcript of the deposition. During this 30-day period, all deposition |
| 15 |    | transcripts and the information contained therein shall be deemed |
| 16 |    | Confidential - Attorney's Eyes Only. The request shall contain a list of |
| 17 |    | the numbers of the pages and lines of the transcript that are to be |
| 18 |    | designated as containing Covered Information, and specific designations |
| 19 |    | for each item or group of items on the list. The list shall be set forth on |
| 20 |    | one or more separate pieces of paper, the first one of which shall bear the |
| 21 |    | caption of the action and identifying information about the deposition. |
| 22 |    | The requesting counsel shall insert the list before the cover page of the |
| 23 |    | transcript and shall mail or fax copies of the list to counsel for all parties |
| 24 |    | so that it may be affixed to the face of the transcript and each copy |
| 25 |    | thereof. |

## ACCESS TO INFORMATION

19. Access to Covered Information disclosed to a receiving party shall be limited to qualified persons except with the prior written agreement of the producing party.

20. The following procedure shall be followed for any disclosure of information as to which prior notice to the producing party is required under paragraphs 11(f) and 12(d):

(a) By email transmission with confirmation by overnight mail, counsel for the receiving party shall (i) notify counsel for the producing party in writing of its intention to make such disclosure ten (10) court days before the intended disclosure; (ii) specify the identity and the current employment of the individual(s) to whom the proposed disclosure will be made; (iii) identify the particular information proposed to be disclosed; (iv) specify the reasons why the proposed disclosure is believed to be necessary; (v) provide to the producing party at the time of notice under this paragraph, a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto that has been signed by the party to whom disclosure shall be made.

(b) If the producing party makes a written objection setting forth in detail the grounds for such objection within the 10-day period and the objection is not resolved between counsel within five (5) court days thereafter, the party seeking disclosure shall not disclose the information but shall have the right to bring the dispute before the court for its resolution.

(c) If the dispute over the proposed disclosure is submitted to the Court by motion, the party objecting to disclosure of the information shall have the burden of persuasion.

21. *Disclosure in certain circumstances.* Nothing in this Order shall preclude any party to the lawsuit or their attorneys from disclosing or using by the disclosing party, in any manner or for any purpose, any information or documents from the disclosing party's own files that the party itself has designated as Covered Information.

22. *Restrictions on use.* Disclosure of information designated as Covered Information shall be solely for the purposes of resolving this lawsuit between the parties; information so disclosed shall not be used for any other purpose. The persons receiving the information in question are prohibited from disclosing it to any other person except in conformance with this Order.

### OTHER PROVISIONS

23. *Inadvertent Disclosure of Covered Information.* The inadvertent or unintentional disclosure or failure to designate documents or material as Confidential or Confidential – Attorney's Eyes Only shall not be deemed a waiver in whole or in part of a producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto. Upon learning of an inadvertent or unintentional disclosure of Covered Information, the producing party shall provide notice to the parties who have received such Covered Information as to how the information should have been designated and shall thereafter have ten (10) business days to make the appropriate designation. During this ten-day period, the information may not be used in a manner inconsistent with such notice. Upon receipt of properly re-designated documents, counsel for the receiving party shall, within ten (10) business days, either return to counsel for the producing party, at the producing party's expense, all versions of that information that were not so designated or certify in writing that all versions of that information including without limitation any physical or electronic copies have been destroyed.

24. *Documents subject to the attorney-client privilege or work product immunity.* To facilitate discovery, the parties may produce or make documents

available for inspection by counsel for the receiving party, and such documents may inadvertently include documents subject to the attorney-client privilege, work product immunity, or both. Neither the production for inspection of documents and things by the producing party nor the inspection of such documents and things by the receiving party shall constitute a waiver of the attorney-client privilege or work product immunity. The Parties shall comply with Federal Rule of Civil Procedure 26(b)(5) with respect to any documents or things subject to a claim of privilege or of protection as trial-preparation material that are inadvertently produced or made available for inspection.

25. *Filing under seal.* The Parties shall follow the filing procedures set forth in Local Rule 79.5.

26. *Use of information in court proceedings.* Any receiving party that knows that it intends to present Covered Information of another party in oral form at trial, or during any pre- or post-trial hearing, shall first notify the Court and the producing party within a reasonable amount of time in advance. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures that will minimize the presentation of Covered Information in open court. In appropriate circumstances such procedures might include, *e.g.*, submission of written testimony under seal, presentation of "declassified" summaries of confidential information, and the like. The Court does not here determine which if any such procedures might be suitable in particular situations. Absent a stipulation of all parties, the fact that information has been designated as Covered Information shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

27. *Disposition of documents, etc., after final termination*
    (a) Except as set forth below, within 60 days of final termination of this action, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record, at the expense of the

producing party, all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the producing party and that have been identified as Covered Information pursuant to this Order. At the option of the producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party. Counsel for each party must certify compliance with this subparagraph within this 60-day period.

(b) Notwithstanding subparagraph (a), the attorneys of record for a party may maintain a set of pleadings, briefs, and similar papers filed with the Court, including all exhibits marked in discovery or at trial. The above-described pleadings, briefs and similar papers filed with the Court and exhibits marked in discovery or at trial may be retained in confidence under the terms of this Protective Order by the outside counsel for the party.

28. *No waiver of right or obligation to object to production.* Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

29. *Third parties.* In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order in writing to all parties to the action with respect to any Covered Information to be provided to the requesting party by the non-party by signing a document in substantially the form of **Exhibit B** attached hereto. When serving subpoenas on non-parties that potentially

1  call for the disclosure of Covered Information, a copy of this order shall be included,
2  and the subpoena shall expressly incorporate by reference the terms of this Order.
3      30. *Continuing jurisdiction.* This Order shall survive the final conclusion of
4  the action, ~~and this Court retains jurisdiction of the parties hereto, and of any person~~
5  ~~who executes a copy of **Exhibit A** or **Exhibit B**, indefinitely as to any dispute~~
6  ~~between any of them regarding improper use of information disclosed pursuant to this~~
7  ~~Order.~~



8      31. *Requests for additional protection.* This Order shall be without
9  prejudice to the right of the parties to request additional protection under Fed. R. Civ.
10 P., 26(c), for discovery requests made by any party.
11     32. *Additional Parties.* The terms of this Order shall be binding on all
12 current and future parties to the litigation and their counsel. Plaintiff's counsel shall
13 be responsible for serving a copy of this Order on such new party's counsel, if any.
14     33. *Service.* Lions Gate shall serve this Order on all of the defendants in the
15 case by electronic mail service to the email addresses to which it sent its *ex parte*
16 moving papers, and shall file a declaration attesting to its compliance with this
17 requirement no later than _____.

19 **IT IS SO ORDERED.**

21 Entered this 23 Day of October 2014

22 *Alicia G. Rosenberg*
23 Hon. ~~Margaret M. Morrow~~
    United States District Judge

# EXHIBIT A:

# UNDERTAKING PURSUANT TO AGREED

# PROTECTIVE ORDER

1. I, the person named below, declare that the following information is true:

   a. Name:

   b. Address:

   c. Employer name and address:

   d. Title:

   e. Occupation/job description:

   f. Other work, if any (*e.g.,* consulting):

   g. Past or present relationship to plaintiff(s) or defendant(s), if any:

   h. I am executing this undertaking on behalf of (check all that are applicable): ____ myself ____ my employer

   i. My employer __ is __ is not a service bureau (see paragraph 9 of the protective order (the "Protective Order") in this action.

2. I have received a copy of the agreed Protective Order in this action.

3. I have carefully read and understand the provisions of the Protective Order. I agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Covered Information received under the protection of the Protective Order in violation thereof.

4. I understand that I am to retain all copies of any of the materials that I receive that have been designated as Covered Information in a container, cabinet, drawer, room or other safe place in a matter consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained. I acknowledge that such return or the

1 subsequent destruction of such materials shall not relieve me from any of the
2 continuing obligations imposed on me by the Protective Order.
3     5.    If I am executing this undertaking on behalf of my employer as indicated
4 above, I agree on its behalf that it too will be bound by the provisions of the
5 Protective Order and that it too will abide by the requirements set out in paragraphs 3
6 and 4 of this undertaking.
7     6.    If my employer is a service bureau as indicated above, I further agree on
8 its behalf that it will instruct all its employees who have access to Covered
9 Information under the Protective Order about their duty to comply with the
10 requirements set out in paragraphs 3 and 4 of this undertaking.
11     EXECUTED UNDER PENALTY OF PERJURY under the laws of the United
12 States of America on _____, 20\_\_, at _____ in the State
13 of _____.

    _____
    (Signature)

# EXHIBIT B:

## THIRD PARTY AGREEMENT TO PROTECTIVE ORDER

_____, as a non-party to *Lions Gate Films Inc. v. John Does 1-10*, Case No. 2:14-cv-06033-MMM-AGR (the "Civil Action"), has been asked to respond to discovery in that case pursuant to Federal Rules of Civil Procedure 26-37 and 45.

_____, considers certain information that is responsive to discovery to be confidential in nature and to fall under the description "Confidential" or "Confidential – Attorney's Eyes Only" as defined in the Protective Order entered in the Civil Action.

_____, therefore, agrees, to the terms and conditions of the Protective Order entered in the Civil Action to appropriately protect this information from improper disclosure.

Date:_____

_____
Individual/Company

By: _____
Signature

Its: _____
Title