KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (State Bar No. 129668)
LMcFarland@kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
DWilson@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone: 310-248-3830
Facsimile: 310-860-0363

JOSEPH PETERSEN (admitted *pro hac vice*)
JPetersen@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: 212-775-8700
Facsimile: 212-775-8800

Attorneys for Plaintiff
LIONS GATE FILMS INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LIONS GATE FILMS INC., <br><br> Plaintiff, <br><br> v. <br><br> AHMED SALEH, an individual; AMIEL ELBAR, an individual; MUHAMMAD JAVED ASHRAF, an individual; TOM MESSCHENDORP, an individual; JEROME GILLAN, an individual; LUCAS LIM, an individual; and JOHN DOES 1-4, inclusive, <br><br> Defendants. | Case No. 2:14-cv-06033-MMM-AGR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANTS MUHAMMAD JAVED ASHRAF, AMIEL ELBAR, TOM MESSCHENDORP AND LUCAS LIM WITH PROCESS BY ELECTRONIC MAIL** |

## I. INTRODUCTION

This case arises from the theft and online distribution of a copy of the motion picture "The Expendables 3" three weeks before its August 15, 2014 premiere. In the months since the Court entered the temporary restraining order and preliminary injunction against the defendants in this case, Lions Gate has investigated and verified the names and locations of the defendants. Lions Gate now respectfully requests that the Court authorize it to serve certain of the Defendants with process via email pursuant to Federal Rule of Civil Procedure 4(f)(3).

## II. FACTS

Lions Gate filed its initial complaint in this matter on July 31, 2014, identifying each of the defendants using the fictitious names "John Does 1-10 inclusive." (Dkt. No. 1.) The Court granted Lions Gate's *ex parte* application for a temporary restraining order against Defendants and subsequently converted the temporary restraining order into a preliminary injunction. (Dkt. Nos. 17, 28.) The Court also granted Lions Gate leave to serve third party subpoenas to determine the names and locations of certain of the defendants. (Dkt. Nos. 32, 41.) Throughout the case the Court has authorized Lions Gate to serve the defendants with papers filed in the case by electronic mail, though the Court's prior orders did not authorize Lions Gate to serve the defendants with process via electronic mail. (*See, e.g.*, Dkt. Nos. 17, 28.)

On December 9, 2014, Lions Gate filed its First Amended Complaint, which alleges the names and locations of defendants who operate each of the websites at issue in this lawsuit. (Dkt. No. 45.) Specifically for purposes of this motion, Lions Gate has alleged that the websites <limetorrents.com>, <limetorrents.net>, <limetorrents.cc> and <torrentdownload.biz> are operated by Muhammad Javed Ashraf, who Lions Gate is informed and believes resides in Pakistan. (*Id.*, ¶¶ 8, 19.) Lions Gate has alleged that the website <billionuploads.com> is operated by Amiel Elbar, who Lions Gate is informed and believes resides in Israel. (*Id.*, ¶¶ 7, 21.) Lions Gate has alleged that the website <dotsemper.com> is operated by Tom

Messchendorp, who Lions Gate is informed and believes resides in Spain. (*Id.*, ¶¶ 9, 30.) Lions Gate has alleged that the website <swankshare.com> is operated by Lucas Lim, who Lions Gate is informed and believes resides in Singapore. (*Id.*, ¶¶ 11, 28.)

To date, Lions Gate has used electronic mail to serve these defendants with documents filed in the case. Specifically, Lions Gate has served documents on Muhammad Javed Ashraf using the email addresses <kof_javed@hotmail.com> and <freshwap@hotmail.com>. (*See, e.g.* Dkt. No. 42; declaration of service attached to Dkt. No. 45.) Lions Gate identified the email address <kof_javed@hotmail.com> as being owned and controlled by Defendant Ashraf because it is the email address that was used to register <limetorrents.com>, <limetorrents.biz> and <torrentdownload.biz>.[1] (Declaration of Christopher Varas ("Varas Decl."), ¶ 3, Ex. A.) Lions Gate identified <freshwap@hotmail.com> as being owned and controlled by Defendant Ashraf because it is specified on <limetorrents.cc> as the email address to which DMCA notices should be submitted. (Varas Decl., ¶ 4, Ex. B.)

Lions Gate has served documents on Amiel Elbar using the email addresses <dmca@billionuploads.com> and <admin@billionuploads.com>. (*See, e.g.* Dkt. No. 42; declaration of service attached to Dkt. No. 45.) Lions Gate identified <dmca@billionuploads.com> as being owned and controlled by Defendant Elbar because it was specified on <billionuploads.com> as the email to which DMCA notices should be submitted. (Varas Decl., ¶ 5, Ex. C.) Lions Gate identified <admin@billionuploads.com> as being owned and controlled by Defendant Elbar because that email address was used to respond to a demand letter sent by Lions Gate's counsel to the operator of <billionuploads.com>. (*Id.*, ¶ 6.)

Lions Gate has served documents on Tom Messchendorp using the email address <quasi-mundo@hotmail.com>. (*See, e.g.* Dkt. No. 42; declaration of service attached to Dkt. No. 45.) Lions Gate identified <quasi-mundo@hotmail.com> as

---

[1] The Whois record for <limetorrents.cc> does not include an email address.

MEMORANDUM OF POINTS AND AUTHORITIES - 2 -
CASE NO. 2:14-CV-06033-MMM-AGR

being owned and controlled by Defendant Messchendorp because it is the email address that was used to register <dotsemper.com>. (Varas Decl., ¶ 7, Ex. D.)

Lions Gate has served documents on Lucas Lim using the email address <swankshare@gmail.com>. (*See, e.g.* Dkt. No. 42; declaration of service attached to Dkt. No. 45.) Lions Gate identified <swankshare@gmail.com> as being owned and controlled by Defendant Lim because it is the email address that was used to register <swankshare.com>. (Varas Decl., ¶ 8, Ex. E.) Lions Gate's counsel has also received emails from Mr. Lim that identify <swankshare@gmail.com> as the sending address. (*Id.*, ¶ 9.)

As of the filing of this motion, to Lions Gate's knowledge all of the electronic mail addresses above are operational, and emails to these addresses have not been returned as undeliverable. (*See, e.g.* Dkt. No. 42; declaration of service attached to Dkt. No. 45.)

### III. ARGUMENT

Federal Rule of Civil Procedure 4(f) governs the service of defendants outside of the United States. The rule permits an individual in a foreign country to be served by "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Ninth Circuit has confirmed that forms of service permitted by Rule 4(f)(3) are valid, provided they: 1) are court-directed; 2) are not prohibited by international agreement; and 3) comport with constitutional notions of due process in that they are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014-16 (9th Cir. 2002) quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 94 L. Ed. 865, 70 S.Ct 652 (1950) (Jackson, J.)).

Furthermore, the Ninth Circuit has emphasized that service pursuant to Rule 4(f)(3) stands "independently, on equal footing" with other methods of service prescribed in Rule 4(f), and is "neither a 'last resort' nor 'extraordinary relief.'" Rio

Properties, 284 F.3d at 1015 quoting Forum Fin. Group LLC v. President & Fellows, 199 F.R.D. 22, 23 (D. Me. 2001). In fact, the Ninth Circuit specifically "disapprove[d] of the statements in [Graval v. P.T. Bakrie & Bros., 986 F.Supp. 1326 (C.D. Cal. 1996)] which would require attempted service by all feasible alternatives before service under Rule 4(f)(3) is allowed." Rio Properties, 284 F.3d at 1016. Accordingly, it is appropriate for the Court to grant Lions Gate's motion, provided the method of service it is requesting does not violate any international agreement and is reasonably calculated to provide the defendants with notice of the pending litigation so that they may defend against Lions Gate's suit. As discussed below, Lions Gate's requested method of service does not violate any international agreement and comports with due process as to defendants Ashraf, Elbar, Messchendorp and Lim.

### A. Email Service on Defendants Ashraf, Elbar, Messchendorp and Lim would not Violate any International Agreement.

#### 1. Email Service on Defendants Ashraf, Elbar and Messchendorp is Consistent with the Hague Service Convention.

The primary international agreement regarding service of judicial documents in foreign countries is the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). The United States is a signatory to the Hague Convention. (Varas Decl.", ¶ 10, Ex. F.) The countries in which defendants Ashraf, Elbar and Messchendorp reside are also signatories to the Hague Convention. (Id. (identifying Pakistan, Israel and Spain as signatories to the Hague Convention). To the extent an international agreement is relevant to this motion, it is the Hague Convention.

The Hague Convention does not prohibit electronic mail service on the defendants at issue in this case. Article 10 of the Hague Convention provides that the

Convention "shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad," provided the "State of destination does not object" to such service. Hague Convention, Art. 10(a). District courts in the Ninth Circuit have held that email is the "functional equivalent of service by mail" for purposes of the Hague Convention, and therefore included within the permissive scope of Article 10. In re LDK Solar Sec. Litig., No. C 07-05182, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) discussing Agha v. Jacobs, No. C 07-1800, 2008 WL 2051061 (N.D. Cal. May 13, 2008)).

In Agha, the plaintiff sought to serve a defendant in Germany by fax. Germany has objected to the methods of service specified in Article 10 of the Hague Convention. Agha, 2008 WL 2051061 at *1. The plaintiff argued that Germany's objection to Article 10 did not prohibit fax and email service because those are not "postal channels" for purposes of the Convention. Id. at *2 The court rejected the plaintiff's argument, noting there was "no policy or other basis" to distinguish email and fax service from "postal channels." Id. By contrast, Pakistan, Israel and Spain have not objected to the methods of service permitted by Article 10. (See, e.g., Varas Decl., ¶¶ 11-13; Exs. G-I.) Insofar as email is the functional equivalent of postal service for purposes of the Hague Convention, the Convention does not prohibit the Court from authorizing Lions Gate to serve the summons and complaint on these defendants by email.[2]

    2. **Email Service on Defendant Lim in Singapore would not Violate any International Agreement.**

Singapore is not a signatory to the Hague Convention. (See Varas Decl., ¶ 10, Ex. F.) There is no international agreement governing service of process in United States actions on defendants located in Singapore. (Id., ¶ 14, Ex. J.) Accordingly,

---

[2] Lions Gate has alleged that defendant Ahmed Saleh resides in Egypt. (Dkt. No. 45, ¶ 6.) Egypt has objected to service of judicial documents by mail, and therefore Lions Gate is proceeding with service on Mr. Saleh through the Egyptian Central Authority.

electronic mail Service on Defendant Lim in Singapore would not violate any international agreement. (*Id.*)

### B. Email Service Comports With Due Process.

As noted above, alternative service under Rule 4(f)(3) comports with due process if it is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Rio Properties, 284 F.3d at 1016. In this case, email is the method of service most likely to reach the defendants. Lions Gate has identified email addresses that the defendants use in the operation of the websites at issue in this case. More specifically, <kof_javed@hotmail.com>, <quasi-mundo@hotmail.com> and <swankshare@gmail.com> were used to register domain names at issue in the lawsuit; <freshwap@hotmail.com> and <dmca@billionuploads.com> were published on websites at issue in the lawsuit as the addresses that should be used to contact the operators of those sites; <admin@billionuploads.com> and <swankshare@gmail.com> were used by Defendants Elbar and Lim to communicate with Lions Gate's counsel. Under these circumstances, and in light of the Ninth Circuit's instruction that alternative forms of service such as email stand on "equal footing" with other methods of service, email to these addresses is reasonably calculated to apprise the defendants that this action is moving forward against them. It is therefore appropriate for the Court to authorize Lions Gate to serve the Defendants by email.[3]

---

[3] Pursuant to the discussion in the "Translation Requirements" section of the summary of Spain's position with respect to service of documents via the Hague Convention (Varas Decl., Ex. I), Lions Gate proposes to serve Defendant Messchendorp with the summons and First Amended Complaint in both English and Spanish. There is no requirement that documents served in Pakistan, Israel or Singapore be translated into any language other than English, and so Lions Gate proposes to serve Defendants Ashraf, Elbar and Lim with the summons and First Amended Complaint in English only. (*See* Varas Decl., Exs. G, H, J.)

MEMORANDUM OF POINTS AND AUTHORITIES                                    - 6 -
CASE NO. 2:14-CV-06033-MMM-AGR

## IV. CONCLUSION

For the foregoing reasons, Lions Gate respectfully requests that the Court issue an order authorizing Lions Gate to serve defendants Ashraf, Elbar, Messchendorp and Lim with process via email as set forth in the proposed order submitted herewith. Lions Gate is prepared to provide any additional information the Court may request regarding this Motion.

DATED: January 21, 2015         Respectfully submitted,

                                                     KILPATRICK TOWNSEND & STOCKTON LLP

By:  /s/ Dennis L. Wilson
      DENNIS L. WILSON

Attorneys for Plaintiff
Lions Gate Films Inc.

PROOF OF SERVICE

I, the undersigned say, I am and was at all times herein mentioned a resident of the County of Los Angeles, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212 and I am employed in the offices of Kilpatrick Townsend & Stockton LLP by a member of the Bar of this Court at whose direction the service mentioned herein below was made.

On **January 21, 2015**, I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANTS MUHAMMAD JAVED ASHRAF, AMIEL ELBAR, TOM MESSCHENDORP AND LUCAS LIM WITH PROCESS BY ELECTRONIC MAIL**

upon *defendants* in this action by means of electronic delivery to the following email addresses:

kof_javed@hotmail.com;
dmca@billionuploads.com;
admin@billionuploads.com;
John.arsenault@frontrangelegalservices.com
swankshare@gmail.com;
DOTSEMPER.COM@domainsbyproxy.com
freshwap@hotmail.com
quasi-mundo@hotmail.com

Upon the <hulkfile.eu> defendants in this action by means of electronic delivery to the following email addresses:

webmaster@nilehoster.com; billing@nilehoster.com; nilehosterpay2@yahoo.com; mynewppacct@yahoo.com; nilehosterpay@yahoo.com; pay4voka@gmail.com

As of the filing I have received notice that delivery failed to the following addresses: nilehosterpay2@yahoo.com; and nilehosterpay@yahoo.com, except for those addresses, I have not received any electronic message or other indication that the transmissions were unsuccessful.

Also on **January 21, 2015**, I caused an envelope containing a true copy of the above documents, with postage thereon fully prepaid, to be placed in the United States mail at Beverly Hills, California, for international service upon the below-referenced defendants with addresses as follows:

Lucas Lim d/b/a <swankshare.com>
Blk 812 Tampines Ave. 4
#06-219
Singapore 520812
Singapore

1
2   Muhammad Javed Ashraf d/b/a <limetorrents.com>
    Iwebspro
3   428-N, Samanabad
    Lahore
4   Punjab 54700
    Pakistan
5

| | |
|---|---|
| 6  John Arsenault<br>    Wessels & Arsenault LLC<br>7   1333 West 120th Avenue Suite 219<br>    Westminster, CO 80234-2713 | Counsel for dmca@played.to |

8
9
          I am readily familiar with the practice of Kilpatrick Townsend & Stockton LLP
10  for collection and processing of correspondence for mailing, said practice being that
    in the ordinary course of business, mail is deposited in the United States Postal
11  Service the same day as it is placed for collection. I am aware that on motion of party
    served, service is presumed invalid if postal cancellation date or postage meter date is
12  more than one day after deposit for mailing in affidavit.

13
          I declare under penalty of perjury that the foregoing is true and correct.
14  Executed on **January 21, 2015** at Beverly Hills, California.

15                                          _____
                                                  Patricia Cloutier
16

17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE                                                             - 2 -