NO JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LIONS GATE FILMS INC., | Case No. 2:14-cv-06033-MMM-AGR |
| Plaintiff, | **[PROPOSED]** FINAL JUDGMENT UPON CONSENT AS TO JEROME GILLAN |
| v. | |
| AHMED SALEH, an individual; AMIEL ELBAR, an individual; MUHAMMAD JAVED ASHRAF, an individual; TOM MESSCHENDORP, an individual; JEROME GILLAN, an individual; LUCAS LIM, an individual; and JOHN DOES 1-4, inclusive, | |
| Defendants. | |

1    Pursuant to the stipulation of Lions Gate Films Inc. ("Lions Gate") and Jerome
2    Gillan ("Gillan") (collectively the "Parties"), it is hereby **ORDERED, ADJUDGED**
3    **AND DECREED** as between the Parties that:
4    1.    This Court has jurisdiction over the Parties and over the subject matter
5    hereof pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).
6    2.    Lions Gate has been licensed the sole and exclusive right to distribute
7    and exploit the film "The Expendables 3" (the "Film") in the United States and
8    throughout North America. Lions Gate's exclusive rights in the Film pursuant to this
9    exclusive license include but are not limited to all rights in the United States and
10   throughout North America to exploit the Film by means of direct exhibition in
11   theaters, by means of the Internet and in all home video media, among other rights.
12   3.    The Film is the subject of United States Copyright Registration No.
13   PAu003734299, issued on July 29, 2014. In addition, the screenplay for the Film is
14   the subject of United States Copyright Registration No. PAu003704583, issued on
15   July 10, 2013, which is valid, subsisting and in full force and effect.
16   4.    Gillan has unlawfully reproduced and distributed copies of the Film by
17   hosting copies of the Film in one or more directories on the website <played.to> and
18   by displaying embedded viewing windows on pages of <played.to> in which users
19   could stream copies of the Film directly to their screens.
20   5.    Gillan did not comply or otherwise respond to takedown notices that
21   Lions Gate sent regarding the Film prior to filing this action, and otherwise failed to
22   comply with the requirements of 17 U.S.C. § 512.
23   6.    Gillan has willfully infringed Lions Gate's copyright in the Film
24   directly, contributorily and vicariously and is liable for all of the causes of action that
25   Lions Gate has asserted against him in this action.
26
27
28

7. Gillan and his agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with him, including without limitation any and all service providers to the extent they perform any service in connection with Gillan's operation of <played.to> or any other website, are permanently enjoined throughout the world from:

    a. hosting, linking to, distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of any copy or copies of the Film or any portion thereof in any form;

    b. taking any action that induces, causes or materially contributes to the direct infringement of Lions Gate's rights in the Film by any third party, including without limitation hosting, linking to or otherwise providing access to any torrent files, trackers, links (including without limitation magnet links), hash values or other instruction sets of any kind that enable users to locate or access any "swarm" or other location where any copy or copies of the Film or any portion thereof are being distributed, reproduced, performed or otherwise exploited in any form; and

    c. otherwise infringing Lions Gate's rights in any manner, whether directly, contributorily, vicariously or in any other way; and

    d. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

1  8. This Court retains jurisdiction, including without limitation personal jurisdiction over Gillan for the purpose of making any further orders necessary or proper for the enforcement, construction or modification of this Judgment, and the punishment of any violations thereof.

9. This Judgment shall be deemed to have been served upon the Parties at the time of its execution by the Court.

10. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Gillan as specified herein.

Entered this 29th day of June ,2015      _____
                                                    Hon. Margaret M. Morrow
                                                    United States District Judge